## A. COHN V. E. M. TILLMAN ET AL.

### (Case No. 5670)

1. PRACTICE—GARNISHMENT—The proceedings being otherwise regular, a failure to docket garnishment proceedings against each of the garnishees, is not such an irregularity as would affect the validity of a judgment against them.

2. SAME—Application being made for a writ of garnishment, process thereunder was sent to another county, where the applicant stated one of the garnishees lived, and was duly served by the sheriff. Without other legal communication being made to the non-resident, judgment by default was rendered against him, the judgment reciting that he was then a resident of the county wherein it was rendered. *Held:*

(1) When no answer was made to the process by the non-resident garnishee, it was the plaintiff's duty to sue out a commission, as provided in R. S., art. 195.

(2) The process served on him merely notifying him that a commission would subsequently issue, it was not his duty to answer the writ in order to prevent judgment by default against him.

(3) If, prior to the rendition of the judgment, the non-resident changed his domicile to the county wherein the proceeding was pending, the court should have been notified of that fact, and process sued out notifying him that his answer to the writ would be demanded.

(4) But if it was incumbent upon the non-resident garnishee to take notice that, since his change of domicile, his duty was to answer the writ, it should appear in the record that he changed his domicile within such a period before the rendition of the judgment as afforded him a reasonable time for making his defense.

(5) A recital in the judgment that he was "of Dallas county" on the date of its rendition, was not sufficient showing as to when the change occurred.

ERROR from Dallas    Tried below before the Hon. Geo. N. Aldridge.

E. M. Tillman brought suit against J. Simons & Co. for $13,000, and on September 24, 1884, applied for writs of garnishment against A. Cohn and others, stating that the residence of A. Cohn was in Ellis county, Texas.    The writ against A. Cohn was directed to the sheriff of Ellis county, and served on October 6, 1884    On December 15, 1884, the court rendered judgment by default in the garnishment proceeding against A. Cohn and several others, Cohn having previously removed to Dallas county.    On December 18, 1884, this writ of error was issued.

*Wright, Wright & Eckford,* for plaintiff in error, cited: R. S., arts. 186, 195, 205, 346, 348; Willis *v.* Lyman, 22 Tex., 268; Johnson *v.* McCutching, 43 Tex., 553.

*A. S. Lathrop,* for defendants in error, cited: Sun Mutual Ins. Co. *v.* Seeligson & Co., 59 Tex., 3; Steele *v.* Shannon, 62 Tex., 198; Wallace & Co. *v.* Bogel & Co , *Id.,* 638; Bond *v.* Mallow, 17 Tex., 636; Cochran *v.* Kellum, 4 Tex., 120; R. S., art 194.

WILLIE, CHIEF JUSTICE.—The failure to docket the garnishment proceedings against each of the garnishees was an irregularity, but not one that would affect the validity of the judgment, if the proceedings were otherwise regular. Sun Mutual Ins. Co. v. Seeligson & Co., 59 Tex., 3.

But it was error to render judgment by default, final, against Cohn, instead of pursuing the course pointed out by statute for obtaining judgment against garnishees not resident in the county where the proceedings were commenced. Cohn was alleged to be a resident of Ellis county, and the writ of garnishment was directed to the sheriff of that county, and was served by him. When, therefore, he failed to put in an answer to the writ, it was the duty of the plaintiff to sue out a commission under article 195 of the Revised Statutes, if he wished to obtain the answers of the garnishee. This he failed to do, and Cohn might well have concluded, that the plaintiff had abandoned the writ as against him.

The writ did not notify him that unless he appeared at the proper time and filed his answer, a judgment would be taken against him, but that a commission would issue to take his answers as to his indebtedness to the defendants in the original suit, and his having effects of theirs in his hands.

It was not, therefore, his duty to answer to the writ in order to prevent a judgment by default. The term of court to which the writ was returnable passed, and no judgment by default was taken; nor was the one from which this appeal is taken rendered till a year thereafter. If, in the meantime, the garnishee moved into Dallas county, the proper course would have been to have brought this fact to the attention of the court, and to have sued out process which would have notified the garnishee that his answer to the writ, and not to interrogatories, would be demanded. But, if he were bound to take notice of this without the service of additional process, there should be some showing in the record that he had removed into Dallas county within such period before the rendition of the judgment as afforded him a reasonable time for making his defense.

Here there is no evidence upon this subject, nor that he ever did remove to Dallas county, except a mere recital in the judgment that he was, on the date of its rendition, "of Dallas county." This may be conclusive as to that question, but not as to the time when he became a resident of that county. The previous proceedings fix his domicile in Ellis county, and leave it there. The recitals of the judgment show a residence at its date in Dallas county. This recital would be true, if he had fixed his residence there on the very day the judgment was

entered up. It would obviously violate the spirit and meaning of the statute to allow a plaintiff to garnish a non-resident, take no steps to obtain his answers to interrogatories, but, after the lapse of more than a year, and the passing by of two terms of the court, to take a judgment by default against him at the third term, without notice, and upon the very day of his removal into the county where the proceedings were pending.

We think the court erred in rendering judgment against the appellant, and the judgment as to him will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 20, 1886.]