BELL et al. v. FIRST STATE BANK OF PADUCAH.

(Court of Civil Appeals of Texas. Ft. Worth. June 10, 1911. Rehearing Denied Oct. 14, 1911.)

1. GARNISHMENT (§ 185*) — PROCEEDINGS AGAINST GARNISHEE—SEPARATE DOCKET.

Failure to docket garnishment proceedings against each of the garnishees separately, while an irregularity, will not affect the validity of the judgment, if the proceedings are otherwise legal.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 357; Dec. Dig. § 185.*]

2. APPEAL AND ERROR (§ 79*)—FINAL JUDGMENT—GARNISHMENT.

Where a judgment in garnishment failed to make any disposition of the cause against two of the garnishees, it was not a final judgment, and insufficient to support a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. § 79.*]

Error from Cottle County Court; W. E. Bray, Judge.

Action by the First State Bank of Paducah, Texas, against M. T. Bell and others. Judgment for plaintiff, and defendants bring error. Dismissed.

R. W. Hall and Geo. Ross, for plaintiffs in error. Brown & Warlick, for defendant in error.

DUNKLIN, J. M. T. Bell and the Bell-West Lumber Company have prosecuted a writ of error from a judgment rendered against them in favor of the First State Bank of Paducah, Tex. The judgment was against plaintiffs in error, as garnishees; J. F. Hardin being the defendant in the original suit, and against whom judgment was rendered at the same time. In its suit against J. F. Hardin, the plaintiff sued out writs of garnishment against the plaintiffs in error, and also against Campbell & Campbell and J. H.

Doolen, but the garnishment proceedings were not docketed against the garnishees separately as contemplated by the statute, and the suit against the defendant and all the garnishees was tried at the same time and as one suit.

[1, 2] In the case of Cohn v. Tillman, 66 Tex. 99, 18 S. W. 111, it was held that the failure to docket the garnishment proceedings against each of the garnishees was an irregularity, but not one that would affect the validity of the judgment, if the proceedings were otherwise legal. The judgment rendered failed to make any disposition of the cause of action against the garnishees Campbell & Campbell and J. H. Doolen, and was therefore not a final judgment, and for that reason the writ of error in this cause must be dismissed. Williams v. Bell, 53 Tex. Civ. App. 474, 116 S. W. 840, and authorities there cited.

Writ of error dismissed.