## BARTON v. MONTEX CORPORATION.
### (No. 7090.)

Court of Civil Appeals of Texas. Austin.
April 27, 1927.

Rehearing Denied June 8, 1927.

**1. Judgment ⊙335(1)—New trial ⊙117(3)—Trial court cannot grant new trial after expiration of term; only relief being suit to set aside judgment, in which entire case is opened on merits.**

Trial court cannot grant new trial as such after expiration of term at which judgment is rendered, and only relief to injured party, other than by appeal, is plenary suit setting up equitable grounds for relief sought, in which entire case is opened, on the merits, and relief is either denied or granted in one proceeding.

**2. Appeal and error ⊙82(3)—Judgment setting aside former default judgment without determining rights asserted therein is not appealable (Rev. St. 1925, art. 2249).**

Judgment granting relief in suit to set aside former default judgment, and not determining rights of parties asserted in former suit, is not final, but merely interlocutory, from which appeal will not lie; Rev. St. 1925, art. 2249, authorizing appeal from orders granting motions for new trials, being inapplicable.

**3. Garnishment ⊙187—Where failure to follow statutory requirement in garnishment was merely irregularity which garnishee might waive, judgment was voidable and ordinary procedural rules apply in suit to set it aside.**

Though garnishment proceeding is statutory, and failure to meet statutory requirements generally renders judgment void, where failure to follow requirement is only irregularity which garnishee might waive, judgment is merely voidable at his instance, so that in suit to set it aside, same rules apply as in other actions.

**4. Garnishment ⊙185—Failure to docket garnishment proceedings separately from main suit or from proceedings against other garnishees will not affect its validity (Rev. St. 1925, art. 4079).**

Validity of garnishment proceeding is not affected because proceeding was not docketed separately from main suit or from proceedings against other garnishees, as required by Rev. St. 1925, art. 4079, since such failure to follow statutory requirements is mere irregularity.

**5. Garnishment ⊙93—Garnishment writ, not requiring answer as to number of shares debtor held in garnishee corporation, held sufficient to support default judgment (Rev. St. 1925, art. 4081).**

Writ of garnishment, which did not follow affidavit on which it was sued out, in that it omitted requiring garnishee to answer as to number of shares debtor owned in garnishee corporation, *held* sufficient to require answer and to support default judgment, where in other respects it followed affidavit and Rev. St. 1925, art. 4081.

**6. Garnishment ⊙95—Service on debtor as president of garnishee did not affect validity of default judgment in garnishment.**

In garnishment proceeding against corporation of which debtor was president, service on him was voidable and not void, and therefore did not affect validity of default judgment.

On Motion for Rehearing.

**7. Courts ⊙92—Appellate court's decision on questions which it is without jurisdiction to consider is not binding.**

Where appellant court decides questions which it is without jurisdiction to consider, opinion is mere obiter and not binding on parties.

**8. Judgment ⊙346—Void judgment may be set aside after expiration of term, without showing of equitable grounds.**

Void judgment may be set aside, after expiration of term, without any showing of equitable grounds, which is required in case of valid or voidable judgments.

**9. Judgment ⊙497(3)—Garnishment judgment reciting proper service is conclusive on collateral attack.**

Judgment record is controlling in garnishment as well as in other characters of actions, so that, where judgment recites proper service, such recital is conclusive on collateral attack.

Appeal from District Court, Burnet County; J. H. McLean, Judge.

Suit by the Montex Corporation against Lee R. Barton to set aside a default judgment in garnishment. From a judgment setting aside the default judgment, defendant appeals. Appeal dismissed.

Paddock, Massingill & Belew, of Fort Worth, and White, Wilcox, Graves & Taylor, of Austin, for appellant.

Clay Cooke and Jack Rattikin, both of Fort Worth, for appellee.

McCLENDON, C. J. This was a direct proceeding in equity to set aside a default judgment in garnishment, brought after expiration of the term at which the garnishment judgment was rendered. Since we have reached the conclusion that the appeal must be dismissed because the judgment appealed from was not final, only a brief outline of the proceedings, all of which were in the district court of Burnet county, will be necessary.

In January, 1922, Barton recovered a judgment against one Terpening for $12,191.30, bearing 10 per cent. interest per annum from date. On June 11, 1925, Barton made affidavit in garnishment against appellee, Montex Corporation, of which Terpening was then president, and several other corporations. Separate garnishment writs were issued to

---

⊙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

each garnishee, returnable to the January term, 1926, of the court. The several writs were not separately numbered and docketed as required by R. S. 1925, art. 4079. The writ against appellee was served on Terpening on June 15, 1925, but no answer was filed by appellee; and on January 11, 1926, judgment by default was rendered against it for $17,038.11, with interest thereon at 10 per cent. per annum, and costs. The judgment was in favor of the other garnishees on their answers.

This suit was instituted by appellee on May 8, 1926, to set aside the default judgment. The petition clearly alleges equitable grounds excusing failure of appellee to answer, which will be noted hereafter, and a meritorious defense to the garnishment writ. The trial court rendered judgment setting aside the default judgment, and permitting appellee to file its answer to the garnishment writ. From this judgment Barton has appealed.

[1] Ever since the decision in Taylor v. Fore, 42 Tex. 256, it has been the uniform holding in this state that the trial court is without power to grant a new trial, as such, after the term has ended at which a judgment is rendered; and the only relief to an injured party other than by appeal, is by plenary suit setting up equitable grounds for the relief sought. In such suit the issues are not tried by piecemeal, but the entire case is opened up on its merits, and the relief prayed for is either denied or granted in the one proceeding. Roller v. Wooldridge, 46 Tex. 485; Overton v. Blum, 50 Tex. 417; Lamb-McAshan Co. v. Ellis (Tex. Com. App.) 270 S. W. 547; Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003 (writ of error denied); Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679; Reed v. Runion (Tex. Civ. App.) 269 S. W. 449.

[2] A judgment in such suit, merely setting aside the former judgment, and not determining the rights of the parties asserted in the former suit, is uniformly held to be not final but merely interlocutory, from which an appeal will not lie.

In Moser v. Hussey, 67 Tex. 456, 3 S. W. 688, the Supreme Court, while adhering to the rule above announced, ordered the original judgment set aside and a trial de novo. But in that case the plaintiff below was the landlady of defendants in an action of trespass to try title in which judgment had been taken by default. She was not a party to the original suit, and had no notice of it, and the decree awarded a writ of possession. The decision is expressly rested upon the common-law doctrine "that, after judgment against his tenant, he [the landlord] has the right, by application to the court in which the judgment was rendered, to have it set aside, and to have himself let in to defend the original action."

[3] Appellee seeks to draw a distinction between a judgment in an ordinary action at law and a garnishment proceeding. There are of course many distinctions between the two characters of action, chief among which is that garnishment is a creature of statute, and jurisdiction is not acquired and the lien of garnishment does not attach unless the statutory prerequisites have been substantially met. Generally speaking, failure in this regard would render a judgment against the garnishee not merely voidable, but absolutely void. Where, however, the failure to follow a statutory requirement is of such character as to amount only to an irregularity which the garnishee might waive, the judgment is merely voidable at his instance, upon proper showing, and, in order to have it set aside after the term at which it has been rendered has closed, the same rules of procedure apply as in other actions. Lamb-McAshan Co. v. Ellis, above, is directly in point on this question.

It only remains to determine whether the default judgment was void or merely voidable.

The grounds upon which it is alleged that the garnishment proceedings were insufficient or defective follow:

[4] (1) That the proceeding against appellee was not docketed separately from the main suit or from the proceedings against the other garnishees. This has been repeatedly held to be a mere irregularity which did not affect the validity of the garnishment proceeding. Ins. Co. v. Seeligson, 59 Tex. 3; Cohn v. Tillman, 66 Tex. 98, 18 S. W. 111; Bell v. Bank (Tex. Civ. App.) 140 S. W. 111; Dodson v. Hardware Co. (Tex. Civ. App.) 162 S. W. 952.

[5] (2) That the writ did not follow the affidavit on which it was sued out, in that it omitted requiring the garnishee to answer as to the number of shares Barton owned in garnishee corporation. The affidavit alleged that garnishee was indebted to, and held effects belonging to, Terpening, and in addition that Terpening, was a stockholder in garnishee corporation. The writ, while requiring an answer as to indebtedness and effects, made no reference to shares of stock. We hardly see how this omission could totally invalidate the writ. At most it might excuse the garnishee from answering as to shares of stock owned by Terpening, and it might be ineffectual to impound stock so owned. It is unnecessary to discuss these questions at this time. In respects other than as to shares, the writ followed the affidavit and the statute (article 4081), and was clearly sufficient to require appellee to answer and to support the default judgment.

[6] (3) That the writ was served upon Terpening, as president of appellee, who was also defendant in the main suit and adversely interested to appellee. This fact, along with the other allegations of the petition, afforded sufficient excuse for failure of appellee to file an answer to the garnishment writ. But the service on Terpening was not void, and did

not affect the validity of the default judgment; it was only voidable at the election of the garnishee. Ins. Co. v. Storms, 6 Tex. Civ. App. 659, 24 S. W. 1122; Eagle Pharmacy v. Lamb (Tex. Civ. App.) 265 S. W. 594; U. S. Blowpipe Co. v. Spencer, 46 W. Va. 590, 33 S. E. 342; 32 Cyc. 554; Fletcher's Ency. Corp. § 3004.

We are not unmindful of that line of cases which hold absolutely void service upon an officer or agent of a corporation where his adverse interest in the suit is immediate and apparent. See Boston Development Co. v. Clawson, 66 Utah, 103, 240 P. 165, and dissenting opinion in U. S. Blowpipe Co. Case, above. In those cases the party served was either the plaintiff in the suit or the attorney for or assignee of the plaintiff. It is not necessary for us to consider the effect of the service under such circumstances. Here the president of garnishee, on whom the service was had, was defendant in the main suit. A judgment against the garnishee when satisfied would, it is true, operate as a satisfaction of the judgment against him. That, however, would not afford him any substantial relief from his liability, but would merely make the garnishee his creditor instead of the original plaintiff. The garnishee could apply any credits or stock of Terpening to the satisfaction of this liability, or, if it was not indebted to him and he owned no stock therein, the garnishee could hold him liable personally. In any event he would be no better off than if the garnishment had been defeated. There is no necessary adversity of interest between a defendant in judgment and a garnishee corporation of which he is president. He was not therefore disqualified as a matter of law from being served with the garnishment writ; and such service, under the circumstances detailed in plaintiff's petition, was merely voidable.

Appellant directs our attention to the last clause of R. S. 1925, art. 2249, authorizing appeal from orders "granting motions for new trials." This provision was manifestly intended to apply to motions for new trial proper. It has no application to an interlocutory order before trial on its merits, in a direct proceeding in equity to set aside a judgment rendered at a former term of court.

The appeal is dismissed.

Dismissed.

## On Motion for Rehearing.

Appellee has moved for rehearing, and, in addition to questioning the correctness of our holding that the order appealed from was interlocutory and not final, moves to strike out all that portion of our opinion following the words, "It only remains to determine whether the default judgment was void or merely voidable," on the ground that, having determined that we were without jurisdiction to consider the appeal, we were necessarily without jurisdiction to determine whether the garnishment judgment was void or voidable, and, to quote from the motion:

"Such holding compels appellee either to apply for a writ of error or mandamus to prevent what it conceives to be an erroneous decision on a matter which the court holds it is without jurisdiction to decide."

The question of the finality of the order appealed from was first suggested by members of this court during the course of the oral argument, and counsel for the respective parties were requested to file supplemental briefs upon the question.

In appellant's supplemental brief, it was practically conceded that the order appealed from was merely interlocutory, but it was contended that the proceeding was merely a motion filed after the term to set aside the default judgment; that the trial court had no jurisdiction to grant the relief prayed for; that the order was therefore totally void; and that the right of appeal existed by virtue of article 2249, R. S., authorizing appeal from an order granting a new trial. That the proceeding was not a mere motion for a new trial, but a plenary action in equity, does not, we think, admit of substantial doubt. See, in this connection, opinions handed down this day by this court in Bell v. Cobb, 296 S. W. 976, and Squyres v. Rasmussen, 296 S. W. 977. The contention of appellant that the proceeding was not a suit in equity but a mere motion for new trial was urged for the first time after the argument in this case. We quote the following from the opening sentence of appellant's original brief: "This is a suit in equity, instituted by appellee to set aside a default judgment."

Appellee contended in its supplemental brief that the order appealed from was final because the default judgment was illegal and the garnishment proceeding void, and therefore the court granted the only equitable relief prayed for by annulling the judgment, "but, the proceedings being void, no answer is required until a writ is served." The contention in this regard may be gathered from the following quotation from the supplemental brief:

"We do not see how there can be an issue between a plaintiff and a garnishee until a writ is served sufficient to impound the fund sought to be disposed of."

It will thus be seen that the question whether the trial court's judgment was absolutely void or merely voidable was raised by appellee as being pertinent upon the issue of the finality of the order appealed from.

[7] Whether a determination of this particular question is beyond the jurisdiction of this court, in view of our holding that we have no jurisdiction to entertain the appeal because the order appealed from was not a

final judgment, we do not think necessary for us to determine. If we have no jurisdiction over the question, then our opinion is mere obiter, and is not binding upon appellee.

[8] The question, however, does have important bearing, we think, upon the procedure to be followed in the further trial of the case below, for the following reasons:

A judgment which is absolutely void is, in the language of some of the courts, mere waste paper, and the court in which such judgment is rendered does not lose jurisdiction over the subject-matter after the term of court at which the judgment was entered has expired. There is an inherent continuing power in such court to set aside its void judgment. Milam County v. Robertson, 47 Tex. 222; 34 C. J. 217, note 32, and authorities there cited. The following language of Associate Justice Moore is quoted from the opinion in the Milam County Case:

"When, however, the judgment is not merely erroneous, but an absolute nullity, it can have no binding force or effect, either in the tribunal in which it is rendered, or in any other in which it may be brought in question. And such void judgment, though supposed by the court, when rendered, to be final, will neither, in law or fact, exhaust or put an end to its jurisdiction or power over an action properly pending before it. Unquestionably, therefore, the court may, at least until such time has elapsed as will warrant the presumption of a discontinuance or abatement of the action, vacate its entry, and recall any process which may have issued thereon, and proceed with the cause to its final and proper termination. Freem. on Judg. § 98; Martel v. Hernsheim, 9 Tex. 294; Ex parte Crenshaw, 15 Pet. 119 [10 L. Ed. 682]; Bank of the United States v. Moss, 6 How. 31 [12 L. Ed. 331]."

Manifestly no equitable grounds are necessary to set aside a void judgment, and no showing of meritorious defense is required. In fact the court may of its own motion set such judgment aside and leave the case pending as of the date the void judgment was entered.

If the judgment, however, be merely voidable, the proper procedure is that pointed out in our original opinion and the cases cited therein, and in the two opinions of this court cited above.

[9] In our original opinion we said that, "generally speaking, failure" to follow the statutory requirements so as to fix the lien of garnishment "would render a judgment against the garnishee, not merely voidable, but absolutely void." In order that this language may not be misleading, we should add that the judgment record is controlling in garnishment as well as in other characters of actions. Where, therefore, the judgment recites proper service, such recital is conclusive upon collateral attack. See Lamb-McAshan v. Ellis (Tex. Com. App.) 270

S. W. 547, and Bell v. Cobb, above. The judgment here sought to be set aside recites that the Montex Corporation "was duly cited and served as required by law," and for this additional reason the judgment is not void, but merely voidable upon proper showing. Treadway v. Eastburn, 57 Tex. 209; Wilkerson v. Schoonmaker, 77 Tex. 615, 14 S. W. 223, 19 Am. St. Rep. 803; Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682, 23 Am. St. Rep. 370; Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Hopkins v. Cain, 105 Tex. 591, 143 S. W. 1145; Stockyards Bank v. Presnall, 109 Tex. 32, 194 S. W. 384.

The motion is overruled.

Overruled.