Kenneth P. BETZEN, Appellant,

v.

EXXON CORPORATION, Amerada Hess Corporation and Fidelity Bank, N.A., Appellees.

No. 08-85-00158-CV.

Court of Appeals of Texas, El Paso.

Oct. 23, 1985.

Joe K. McGill, Co. Atty., Seminole, for appellant.

Johnny Roy Phillips, Seminole, James Wm. Murray, III, Kirk & Chaney, Oklahoma City, Okl., Rodney W. Satterwhite, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, Eldred M. Harmon, Alva, Okl., Deborah A. Davis and G. Alan Kramer, Houston, for appellees.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

Kenneth P. Betzen appeals from a judgment entered in a severed case which determines ownership of oil runs and is ancillary to a suit by Fidelity Bank against Betzen for a debt on a guaranty agreement. We affirm.

In the principal case, Fidelity Bank obtained a judgment against Kenneth Betzen for $1,401,067.46 and for foreclosure of a deed of trust lien on a mineral interest he owned in Gaines County, Texas. That judgment directs that the proceeds of the sale shall be used to pay (1) all costs and expenses of the sale, (2) Fidelity's attorney's fees in the amount of $80,000.00 and cost of suit, (3) the judgment in favor of Fidelity plus post-judgment interest and (4) the residue, if any, to Betzen. Prior to entering that judgment, the trial court severed previously consolidated cases in which Betzen had sued Exxon Corporation and Amerada Hess Corporation to recover oil runs from the mineral interest on which Fidelity sought foreclosure of its lien. The court also severed a garnishment proceeding in which Fidelity had sought to obtain a lien on the proceeds of the oil runs from Betzen's mineral interest.

In this severed case, the court entered an order denying Betzen's motion to quash the writ of garnishment. The order further directed Exxon and Amerada Hess to pay all funds from Betzen's mineral interest into the registry of the court. The clerk was directed to hold the funds in an interest-bearing account until directed to distribute them by order of the court in a subsequent order to be entered in the garnishment proceedings.

MOTION TO DISMISS

Fidelity Bank has filed a motion to dismiss asserting that the order of the trial court is not a final judgment. We recognize that a judgment which does not dispose of all parties and all issues is not a final judgment. *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966); *Tellez v. Tellez,* 531 S.W.2d 368 (Tex.Civ.App.—El Paso 1975, no writ). But, the rule is not without qualification. As stated in 4 McDonald, Texas Civil Practice, sec. 17.03.3:

> A decree which determines the merits, and settles the disputed rights of the parties so that no further questions will arise to require judicial determination, is final for appeal though its enforcement be temporarily suspended until the occurrence of events which are certain to happen * * *. * * * And if the total controversy is such that it has been properly

developed in two or more separate actions, the judgment may be final when, after fixing the rights of the parties, it stipulates that the enforcement of the decree in favor of a party or parties shall be deferred until the final judgment in the other action or actions, and though the scope of the recovery may in some respects be dependent upon the outcome of the related suits. * * *

A decree which fully determines the merits upon all disputed rights is final for appeal though additional ancillary proceedings, such as the appointment of a receiver, the sale of property at a price subject to the court's approval, or other collateral actions, may become necessary to put into effect or to enforce its collection.

In *Treadway v. Treadway,* 576 S.W.2d 121 (Tex.Civ.App.—Texarkana 1978, no writ), the court noted that to be considered a final judgment for appeal purposes, a judgment must settle all disputed issues which require the exercise of judicial discretion. The court said:

If that is done the judgment will not be considered interlocutory even if ancillary matters remain to be done, provided that such matters are purely ministerial.

In this case, the only thing remaining to be done was the purely ministerial act of crediting the proceeds of the sheriff's sale on the amount of the judgment and crediting the funds on deposit and then determining whether there would be an excess to pay to the debtor or whether to enter a deficiency judgment. Only addition and subtraction was required. This ministerial act yet to be performed does not make the order appealed from interlocutory.

Although the facts are similar in *Continental Machine Tool Company v. Merritt,* 620 S.W.2d 632 (Tex.Civ.App.—Dallas 1981, writ dism'd), that case is not applicable. In that case, the court ordered money paid into the registry of the court but it did not determine ownership. In our case, we know who owns the proceeds deposited with the court just as soon as we know the amount of the sheriff's sale. The issue of ownership is determined not by some judicial function of the court but by the ministerial function of subtracting the amount of the proceeds from the sheriff's sale from the amount of the judgment to determine whether there is an excess to be paid to the creditor. The motion to dismiss is overruled.

## MERITS OF THE CASE

Appellant argues together his first four points of error contending the trial court erred in granting the bank's motion for summary judgment, in denying his motion for summary judgment, in not granting his motion to quash the writ of garnishment and in severing the garnishment proceeds from the original cause.

Article 4076, Tex.Rev.Civ.Stat.Ann., permits the issuance of writs of garnishment where the plaintiff sues for a debt and makes an affidavit that such debt is just, due and unpaid, and that the defendant has not within his knowledge property in his possession within this state, subject to execution, sufficient to satisfy such debt; and that the garnishment applied for is not sued out to injure either the defendant or the garnishee. Rule 658, Tex.R.Civ.P., permits a court to grant an application and issue a writ before a final judgment upon findings to support the statutory grounds and the setting of a sufficient bond. Those requirements were all satisfied in this case. The court's order from which this appeal is taken did not order any payment prior to crediting the proceeds of the foreclosure sale. The proceeds of that sale must be exhausted before the garnishment funds will be paid to the creditor.

Texas does follow the lien theory of mortgages and the mortgagee is not the owner of the property and is not entitled to its possession, rentals or profits. *Taylor v. Brennan,* 621 S.W.2d 592 (Tex.1981). But, that rule does not apply where there are equitable proceedings such as an ancillary garnishment which is similar to a receivership and establishes a lien on the money of the debtor held by a third party. *Mon-*

*tague v. Brassell,* 443 S.W.2d 703 (Tex.Civ. App.—Beaumont 1969, writ ref'd n.r.e.); Dorsaneo, 2 Texas Litigation Guide, sec. 42.01 (1984). In the *Montague* case, the court said:

> [I]f the plaintiff elected to proceed with a judicial foreclosure, an ancillary receivership or garnishment would have been sufficient to assure that the payments which accrued during the pendency of the foreclosure proceedings would have been available for application upon the indebtedness. Article 2293, sec. 2, V.A. C.S.; Article 4076, V.A.C.S. *Texas Co. v. Kent,* 60 S.W.2d 857, 860 (Waco, Tex.Civ. App., 1933, no writ). Cf. *Cocke v. Naumann,* 188 S.W.2d 781, 783 (Dallas, Tex. Civ.App., 1945, error ref. want of merit).

Further, we find no error in the court's overruling the motion to quash where the foreclosure sale had not yet occurred and technically there would be a question as to whether the sale would result in adequate funds to satisfy the indebtedness. A similar argument was made and rejected in *Smith v. Sealy State Bank of Sealy,* 60 S.W.2d 486 (Tex.Civ.App.—Galveston 1933, no writ).

Likewise, we find no error in the trial court's severing the garnishment proceeding from the original proceeding. Rule 659, Tex.R.Civ.P., requires a garnishment proceeding to be docketed separate from the main action and it is in fact an ancillary proceeding which involves a third party as the garnishee. Points of Error Nos. One through Four are overruled.

The last point of error asserts the trial court erred in appointing the district clerk as a receiver. We do not believe the trial court intended or did in fact name the clerk as a receiver. It only required that the oil runs be deposited into the registry of the court. There had been no request for a receivership and none was needed. A receiver is generally appointed to collect the assets of a business and to either rehabilitate or liquidate the operations. A receiver may sue and defend actions, take charge of property, receive rents, collect or compromise demands and transfer assets. Dorsaneo, 2 Texas Litigation Guide, sec. 43.03[2][a] (1984). In this case, the clerk was only authorized to receive the payments for oil runs and deposit them in an interest-bearing account. Every order which requires funds paid into the registry of the court does not result in a receivership. Point of Error No. Five is overruled.

The judgment of the trial court is affirmed.