**Ernest CLOUGHLY and Spencer-Cloughly Investments, Inc., Appellants,**

**v.**

**NBC BANK–SEGUIN, N.A., et al., Appellees.**

**No. 04–88–00410–CV.**

Court of Appeals of Texas, San Antonio.

May 31, 1989.

Rehearing Denied June 28, 1989.

Gary J. Schroeder, Perkins & Schroeder, Gonzales, for appellants.

Thomas R. Crump, Stephen D. Finch, Finch & Finch, Jack Tennison, Seguin, for appellees.

Before REEVES, CHAPA and CARR, JJ.

## OPINION

CHAPA, Justice.

Ernest M. Cloughly and Spencer–Cloughly Investments appeal from an adverse judgment rendered against them on two promissory notes, three writs of garnishment, and the dismissal of their counterclaim and third-party claim.

Appellee, NBC Bank–Seguin (NBC) originally sued to recover the principal balance due on two promissory notes, one of which had been personally executed by appellant Cloughly; the other had been personally guaranteed by him. NBC then applied for a pre-judgment writ of garnishment (WRIT I) seeking to garnish a bi-annual payment due to Cloughly under the terms of a private annuity agreement between Cloughly

and the garnishee, PRE Investments. The writ was issued and PRE answered, admitting indebtedness. Appellant Spencer–Cloughly Investments intervened, claiming that it was the rightful owner of the garnished funds because Ernest Cloughly had assigned to it the right to receive payment under the annuity agreement. Appellants filed a motion to dissolve the writ, which was denied because it had not been properly verified. They then filed a sworn motion to dissolve WRIT I which was also denied.

Approximately six months later, a second pre-judgment writ of garnishment (WRIT II) was issued upon PRE. Appellants' motion to dissolve the writ was once again denied.

Appellants then filed a counterclaim against NBC and a third-party claim against NBC's attorney, two of its officers, and the manager of PRE, alleging wrongful garnishment accompanied by malice.

NBC and the third-party defendants were granted summary judgment on all claims, including appellants' counterclaim and third-party action.

After judgment, another writ of garnishment (WRIT III), was issued, garnishing another payment due to Cloughly from PRE. Appellants' motion to dissolve this writ was also denied. A garnishment judgment against PRE was then entered.

By twelve points of error, appellants attack the propriety of the writs of garnishment, the dismissal of the counterclaim and third party action, the summary judgment, and the award of attorney fees to appellees.

Points of error one through five concern the propriety of the trial court's action in issuing the writs of garnishment and in refusing to dissolve them. Appellants allege initially that NBC had no standing to garnish the payments due from PRE to Cloughly because the right to receive the payments had been previously assigned to appellant Spencer–Cloughly Investments, Inc.

■ Generally, all contracts are assignable. *Central Power & Light Co. v. Purvis*, 67 S.W.2d 1086, 1088 (Tex.Civ.App. —San Antonio 1934, writ ref'd). A contract can provide, however, that a money claim arising under the contract is unassignable. *Reef v. Mills Novelty Co.*, 126 Tex. 380, 89 S.W.2d 210, 211 (1936). Debts are also assignable claims. *Heffington v. Hellums*, 212 S.W.2d 245 (Tex.Civ.App.— Austin 1948, writ ref'd n.r.e.); *Roach v. Shaefer*, 214 S.W.2d 128 (Tex.Civ.App.— Fort Worth 1948, no writ). But where a contract expressly states that a right to payment arising under it is non-assignable, full force and effect must be given to this provision. *See Island Record Development Corporation v. Republic of Texas Savings Association*, 710 S.W.2d 551, 556 (Tex.1986) (attempted assignment of loan commitment letter providing that commitment unassignable without bank's consent held invalid); *Reef v. Mills Novelty Co.*, *supra*, (attempted assignment of salesman's commission account held not binding on employer where contract prohibited assignment without employer's consent).

■ Here, the annuity agreement contains the express restriction that "... Seller [Cloughly] shall not have the right to make any assignment or transfer any rights under this Agreement without the prior written consent of the Purchaser [PRE]." It is undisputed that PRE did not consent, in any manner, to the attempted assignment. Moreover, the record reflects that a written resolution of the constituent members of PRE disapproved the transfer. We find that the attempted assignment of payment under the annuity agreement from Cloughly to Spencer–Cloughly, Investment, Inc. was invalid.

Our next question, then, becomes whether NBC had the right, absent an assignment, to garnish payments under the annuity agreement. TEX.CIV.PRAC. & REM. CODE ANN. § 63.001(2) provides that a writ of garnishment is available if a plaintiff sues for a debt and makes an affidavit stating that:

1) the debt is just, due, and unpaid;

2) within the plaintiff's knowledge, the defendant does not possess property in

Texas subject to execution to satisfy the debt; and

3) the garnishment is not sought to injure the defendant or the garnishee.

■ Our review of the record discloses that these provisions were fully complied with. Appellant asserts, however, that the writs sought by NBC were predicated upon an intent to injure or harm appellants. It is clear that pursuant to the notes and guarantee agreement sued upon, NBC had recourse against two other parties: Mitchell Kolenovsky, as the co-maker of the first promissory note, and Seguin Machine and Supply, Inc., as the maker of the second promissory note. Appellants contend that NBC's act of bringing suit against Cloughly as guarantor of both notes, without joining the other parties, evidences an intent to injure or harm appellant.

The testimony in the record reflects that NBC's purpose in bringing suit was to obtain payment of the loan. Seguin Machine and Supply, Inc., had been voluntarily liquidated, and the proceeds of the liquidation were applied to the balance of the notes. Further, both the note and the Guarantee Agreement executed by Cloughly clearly provide that NBC could look to Cloughly individually for payment. We find no evidence of injurious or harmful intent. The point is overruled.

Appellants next claim that the court erred in dismissing appellants' counterclaim and third party claim. The court found that these actions were groundless, brought in bad faith for purposes of harassment and delay. Accordingly, it dismissed the claims with prejudice. Appellants claim that the court's order in dismissing the claims did not sufficiently set forth the particulars upon which it based its ruling.

TEX.R.CIV.P. 13 provides that if a court finds that a claim is brought in bad faith, it may, for good cause, impose sanctions available under TEX.R.CIV.P. 215–2(b) "the particulars of which must be stated in the sanction order."

■ Under this rule, authorized sanctions include the dismissal of a claim with prejudice. *See Bottinelli v. Robinson,* 594 S.W.2d 112, 116 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). TEX.R.CIV.P. 215–2(b)(5). A trial court's choice of appropriate sanctions under Rule 215–2(b) will not be overruled on appeal unless the reviewing court finds that the court abused its discretion. *Notgrass v. Equilease Corp.,* 666 S.W.2d 635 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e); *Alexander v. Barlow,* 671 S.W.2d 531 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

■ The trial court's order imposing sanctions read:

After considering the Motions, the response thereto, the pleadings and other papers on file with the Court, the evidence presented, and the argument of counsel, the Court finds and concludes that the Counter–Plaintiffs' Counterclaim and Third–Party Action is groundless, is brought in bad faith, and is brought for the purposes of harassment and to secure a delay of the trial in this cause. The Court further finds that the Counter–Plaintiffs' Counterclaim and Third–Party Action has no basis in fact; is not warranted by good faith argument for the extension, modification or reversal of existing law; and that good cause exists for the imposition of sanctions against Counter–Plaintiffs, ERNEST CLOUGHLY and SPENCER–CLOUGHLY INVESTMENTS, INC., in that their conduct in filing the Counterclaim and Third–Party Action has unnecessarily confused the issues in this cause, has impeded the trial in this cause unnecessarily, and has caused all parties to unnecessarily incur substantial additional expense. The Court also finds that the Counter-claim and Third–Party Action are frivolous in nature and offensive in character. Finally, the Court finds that Counter–Plaintiffs' Counterclaim and Third–Party Action contain only a basic rehash or restatement of matters ruled on by this Court in at least two or more hearings prior to May 31, 1988. The parties and their attorney urging these matters performed no discovery *after* the first hearing on such issues.

We find that the trial court's order was sufficient to meet the requirements of Rule 13, and that the court did not abuse its discretion in dismissing appellants' claims with prejudice.

■ Appellants next claim that the trial court's order is improper because it fails to provide appellants with an opportunity to amend or withdraw its pleadings within ninety (90) days of the determination that a party has violated Rule 13 or prior to the expiration of the court's plenary power.

Rule 13 provides in relevant part:

The court may not impose sanctions for violation of this rule if, before the 90th day after the court makes a determination of such violation or prior to the expiration of the trial court's plenary power, whichever first occurs, the offending party withdraws or amends the pleading, motion, or other paper, or offending portion thereof to the satisfaction of the court.

We do not read this rule as placing the burden of notifying a litigant of his right to withdraw or amend its pleadings on the trial court. The rule simply states that the court may not impose sanctions if, during the specified time, the offending party withdraws or amends its pleading or motion to the satisfaction of the court. Here, appellants did not attempt to amend or withdraw their pleadings in accordance with the rule, and have therefore failed to preserve any error on this point.

■ Appellants complain in point of error number seven that the summary judgment was improper because a genuine issue of fact existed concerning whether Ernest Cloughly's obligation on the note should have been discharged. Appellants rely on *Dalton v. George B. Hatley Company, Inc.*, 634 S.W.2d 374 (Tex.App.—Austin 1982, no writ) to support their argument that Cloughly was only an accommodation maker of the note. This assertion is presented for the first time on appeal. No evidence of Cloughly's capacity as an accommodation maker was presented at the summary judgment hearing. Although the movant in a summary judgment proceeding has the burden to establish his right to summary judgment as a matter of law, he is not required to negate all issues of law and fact which could have been raised by the non-movant, but were not. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). A non-movant who does not expressly present to the trial court those issues that would defeat a movant's right to summary judgment may not later assign them as error on appeal. *Smith v. Baptist Memorial Hospital System*, 720 S.W.2d 618 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.).

■ Appellants next challenge the award of attorney fees to appellees by claiming that the award of $27,000.00 was excessive and unreasonable, and that the reasonableness of this award was an issue of fact which should have been submitted to a jury.

Appellees submitted the affidavits of Thomas R. Crump and Steven D. Finch as expert testimony on the amount of attorney fees. Both affiants verified that they had evaluated the work performed and the reasonableness of the fee incurred. A summary judgment may be based on uncontroverted testimony of an expert witness concerning subject matter which the fact-finder must be guided solely by expert opinion testimony if the evidence is clear, positive and direct, otherwise free from contradictions and inconsistencies, and could have been readily controverted. TEX.R.CIV.P. 166a(c).

Additionally, TEX.CIV.PRAC. & REM. CODE ANN. § 38.004 authorizes a court, in cases such as this, to take judicial notice of the usual and customary attorney fees and contents of a case file without receiving further evidence. It is presumed that the usual and customary attorney fees are reasonable. TEX.CIV.PRAC. & REM. CODE ANN. § 38.003. The trial court did not err in awarding $27,000.00 in attorney fees to appellees.

Appellants further argue that the affidavits relied on by NBC to support their summary judgment were insufficient to support the judgment. More specifically, they argue that all the affiants were inter-

ested witnesses to the suit, and thus their testimony does no more than raise fact issues.

An interested witness' testimony may serve as a basis for granting a summary judgment; however, it must be clear, positive, direct, free from inconsistencies, and capable of being readily controverted. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972); *Broussard v. Moon,* 431 S.W.2d 534 (Tex.1968); TEX.R.CIV.P. 166a. The affidavits in the instant case meet these requirements. Further, the affidavits were not the sole basis of the court's ruling. The trial court also had before it a certified transcription of prior hearings in the cause, together with answers to interrogatories and requests for admissions. The overwhelming totality of evidence in support of the judgment reflects that appellees met their burden of showing that no material fact issue existed, and that they were entitled to the summary judgment as a matter of law.

Appellants allege in point of error eleven that the statutory procedures with regard to garnishment proceedings were not complied with, because the garnishment proceeding against PRE was not separately docketed. TEX.R.CIV.P. 659 provides that after the prerequisites of an application for garnishment have been met, "the clerk ... shall docket the case in the name of the plaintiff as plaintiff and of the garnishee as defendant...." Here, the garnishment action was proceeded with under the same cause number as the original claim. Appellants contend that the noncompliance with this rule amounts to reversible error. For support, appellants rely on *Betzen v. Exxon Corp.,* 699 S.W.2d 352 (Tex.App.—El Paso 1984, no writ), in which it was claimed that severance of the garnishment action from the main claim was improper. The court in that case found that no error flowed from the severance, stating:

> Rule 659, TEX.R.CIV.P. requires a garnishment proceeding to be docketed separate from the main action and it is, in

fact, an ancillary proceeding which involves a third party as garnishee.

*Id.* at 355.

Although the statute contemplates a separate docketing, we do not find harm in proceeding with a garnishment action in the same cause number. Although this was an irregularity in procedure, the validity of the judgment was not affected. *See Cohn v. Tillman,* 66 Tex. 98, 18 S.W. 111 (1898); *Dupree v. Quinn,* 290 S.W.2d 329 (Tex.Civ.App.—Texarkana 1956), *rev'd on other grounds,* 157 Tex. 441, 303 S.W.2d 769 (1957); *Barton v. Montex Corp.,* 295 S.W. 950 (Tex.Civ.App.—Austin 1927, no writ); *Bell v. First State Bank of Paducah,* 140 S.W. 111 (Tex.Civ.App.—Fort Worth 1911, no writ).

In addition to this procedural irregularity, appellants argue that TEX.R. CIV.P. 664a, which requires that a motion to dissolve a writ of garnishment be heard within ten (10) days of its filing, was not complied with.

We glean from the record that appellants' complaint is directed to the hearing on WRIT I, which did not take place within the ten day period specified in Rule 664a. The writ was issued on August 31, 1987, upon NBC's application. Appellants' motion to dissolve was filed on September 11, 1987. A hearing was not held on this motion until December 14, 1987, at which time the court denied the writ because it was not properly verified. A sworn motion to dissolve was filed on December 28, 1987, and a hearing was scheduled for January 5, 1988. At that time, the Honorable Gus Strauss declined to hear evidence on the motion, stating that the hearing should more appropriately be heard before the judge who issued the writ. The hearing was then heard before the Honorable B.B. Schraub on February 11, 1988, who denied the writ.

Although it is clear that the 10–day requirement was not complied with, appellants did not seek to dissolve the writ on these grounds, nor did they assert, before the hearing on February 11, that this time

period had not been met. No reversible error is presented.

The judgment is affirmed.