**Affirmed and Opinion Filed August 23, 2021**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00269-CV**

**JOHN P. HAGAN, Appellant**

**V.**

**JAMES E. PENNINGTON, Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-03950-2019**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Nowell

In this garnishment proceeding, the debtor, John P. Hagan, appeals the trial court's judgment, which denied his motion contesting the writ of garnishment. In three issues, he argues the trial court abused its discretion by denying the motion because the creditor, James E. Pennington, failed to serve the writ as soon as practicable as required by Rule 663a, failed to serve Hagan with notice of his right to regain the property, and failed to have a sheriff or constable serve Hagan with a copy of the writ. We conclude the trial court did not abuse its discretion by denying the motion and affirm.

## Background

Hagan and Pennington are both attorneys. After obtaining a judgment against Hagan, Pennington filed an application for writs of garnishment on December 5, 2019. The writs were directed to Advancial Federal Credit Union and Vantage Bank Texas as garnishees. Advancial was served with a writ of garnishment on December 6, 2019 and Vantage[1] was served on December 9, 2019. Both timely filed answers to the writs. *See* TEX. R. CIV. P. 665.

Pennington, a solo practitioner, testified that he did not receive notice that the writs had been served until several days after December 9, 2019. At the time, Pennington's wife was terminally ill with cancer. On December 9, 2019, Pennington took his wife to the doctor because she could barely walk. One or two days later, he took her to the emergency room. Pennington missed several days of work during the week of December 9, 2019 due to his wife's illness. On December 15, 2019, she was placed on hospice care and died a week later, on December 22, 2019. During this time, Pennington did not go into the office regularly.

The day after his wife's death, December 23, 2019, Pennington emailed Hagan copies of the application, affidavit, and writ of garnishment. *See* TEX. R. CIV. P. 663a. On December 24, 2019, he filed a Notice of Service on the Judgment Debtor with the court, stating that Hagan had been served with the application, affidavit,

---

[1] The garnishment judgment was only against Advancial. Therefore, we do not address the writ served on Vantage.

and writ of garnishment in accordance with Rule 21a on December 23, 2019 by email and again on December 24, 2019 through the electronic filing manager. *See* TEX. R. CIV. P. 21a(a). Pennington also sent a letter to the clerk of the court requesting issuance of a "Post-Writ of Garnishment Notice" to be served on Hagan. The clerk issued this notice, which contained the legend required by Rule 663a, on December 27, 2019. The officer's return form on the back of the notice is not completed.

On December 24, 2019, Hagan filed a voluntary appearance and motion contesting the writ, complaining he was not given timely notice of the garnishment proceeding. Pennington moved for judgment on January 21, 2020. Following a hearing on February 4, 2020 where Pennington and Hagan argued their pending motions, the trial court implicitly denied Hagan's motion and rendered judgment in favor of Pennington and against Advancial as garnishee. Hagan appeals.

**Discussion**

We review "a trial court's ruling on a motion to dissolve a writ of garnishment for an abuse of discretion." *Wease v. Bank of Am.*, No. 05-14-00867-CV, 2015 WL 4051974, *2 (Tex. App.—Dallas July 2, 2015, no pet.) (mem. op.) (citing *Jacobs v. Jacobs*, 448 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2014, no pet.)). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 49, 52 (Tex. 2002) (citing *Downer v. Aquamarine Operators, Inc.*, 701

S.W.2d 238, 241–42 (Tex. 1985)). A trial court does not abuse its discretion when basing its decision on conflicting evidence. *HouseCanary, Inc. v. Title Source, Inc.*, 622 S.W.3d 254, 259 (Tex. 2021). Failure to analyze or apply the law correctly is an abuse of discretion. *Id*. We will affirm the trial court on any legal theory that finds support in the record. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).

Garnishment is a statutory proceeding brought by a creditor (the garnishor) against another party (the garnishee) who holds property or funds belonging to the judgment debtor. *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992); *Beggs v. Fite*, 106 S.W.2d 1039, 1042 (Tex. 1937); *See* TEX. CIV. PRAC. & REM. CODE §§ 63.001–.008; TEX. R. CIV. P. 657–679. In the garnishment action, the garnishor seeks to have the property or funds held by the garnishee applied to the payment of the debt owed by the debtor to the garnishor. *Nat'l City Bank v. Tex. Capital Bank, N.A.*, 353 S.W.3d 581, 584 (Tex. App.—Dallas 2011, no pet.). Garnishment is a harsh remedy and the proceedings "cannot be sustained unless they are in strict conformity with statutory requirements." *Beggs*, 106 S.W.2d at 1042. To obtain a valid judgment against the garnishee, the creditor must substantially comply with the statutes and rules governing garnishment procedure. *See Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Allied Bank of Tex.*, 704 S.W.2d 919, 920 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd).

## A. As Soon as Practicable Requirement

In his first issue, Hagan contends Pennington did not serve him with a copy of the writ "as soon as practicable" after service on the garnishee.

Rule 663a provides that "[t]he defendant shall be served in any manner prescribed for service of citation or as provided in Rule 21a with a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court *as soon as practicable* following the service of the writ." TEX. R. CIV. P. 663a (emphasis added). Because "as soon as practicable" is not defined in the rule, trial judges have discretion to consider the circumstances surrounding service to determine if service was as soon as practicable. *See Carlson v. Schellhammer*, No. 02-15-00348-CV, 2016 WL 6648754, *5 (Tex. App.—Fort Worth Nov. 10, 2016, no pet.) (mem. op.).

The parties spend significant effort arguing about when service was effected on Hagan. However, we will assume that Hagan was not served until eighteen days after the writ was served on Advancial. The issue then is whether the trial court abused its discretion by concluding eighteen days was as soon as practicable under the circumstances of this case.

Hagan contends that courts have held a fifteen-day delay in serving the debtor fails to comply with Rule 663a. He cites *Lease Finance Group v. Childers*, 310 S.W.3d 120, 126 (Tex. App.—Fort Worth 2010, no pet.) for the proposition that "a fifteen-day delay before serving the debtor does not satisfy the strict requirements

of rule 663a." In *Lease Finance*, the court rejected the creditor's contention that Rule 663a does not establish a prescribed period in which the garnishor must serve the debtor. *Id.* We agree that the rule establishes a prescribed period for service on the debtor; that period is "as soon as practicable following service of the writ." TEX. R. CIV. P. 663a. We do not agree, however, that Rule 663a requires service on the debtor within a set time of fifteen days. Had the rulemakers intended an absolute deadline of fifteen days for service on the debtor, as Hagan contends, they would have done so explicitly. They did not. *Cf.* TEX. R. CIV. P. 663a (requiring service on debtor "as soon as practicable" following service of the writ), with 659 (requiring writ of garnishment to command garnishee to appear before "10 o'clock a.m. of the Monday next following the expiration of twenty days from the date the writ was served"). We reject Hagan's contention that Rule 663a mandates that the debtor be served within fifteen days of service of the writ.

Further, this case is unlike *Lease Finance* because the record explains the delay in serving Hagan. In *Lease Finance*, the creditor did not serve the debtor's attorney with a copy of the writ until twenty days after the garnishee was served. *Lease Finance*, 310 S.W.3d at 127. The court of appeals held the trial court abused its discretion by denying the debtor's motion to set aside the garnishment judgment because the record did not explain the reason for the delay. *Id.* at 127–28 (noting "nothing in the record explains the twenty-day delay in service").

Hagan also relies on *Requena v. Salomon Smith Barney, Inc.*, No. 01-00-00783-CV, 2002 WL 356696, at *2 (Tex. App.—Houston [1st Dist.] Mar. 7, 2002, no pet.) (not designated for publication). In *Requena*, the trial court exercised its discretion to dissolve a writ of garnishment where the debtor's attorney was not served with a copy of the writ until nineteen days after the writ was served on the garnishee. *Id.* The court of appeals concluded the trial court did not abuse its discretion by dissolving the writ. *Id.* at *4. The record showed that four days after service on the garnishee, the debtor informed the creditor that he was represented by counsel. *Id.* The court of appeals observed that the creditor could have reasonably mailed a copy of the writ to debtor's counsel the same day and effected service under Rule 21a. *Id.* (unexplained fifteen-day delay after creditor was informed that debtor was represented by counsel before serving debtor's counsel was not as soon as practicable following service of writ).

In contrast to the facts in *Lease Finance* and *Requena*, here there is evidence explaining the delay. After applying for the writ of garnishment, Pennington's wife's health declined rapidly. He was not regularly in his office during the time following service of the writ due to her illness and death on December 22, 2019. The next day, however, he emailed the writ, application, and affidavit to Hagan and served him with the documents through the electronic filing manager on December 24, 2019. Hagan does not dispute that he received the documents and filed his appearance and motion the same day that Pennington served him under Rule 21a. Further, the record

shows Hagan participated in the case and had the opportunity to contest the writ of garnishment at the hearing on February 4, 2020. Nothing in the record shows the trial court's action was arbitrary, unreasonable, or without reference to guiding rules or principles. We conclude the trial court was within its discretion to conclude Pennington served Hagan as soon as practicable after service of the writ.

Next, Hagan contends that Pennington should have had another attorney serve a copy of the writ while he dealt with his wife's health issues. *See Arriaga v. Jess Enterprises*, No. 3:12-CV-094-L-BK, 2014 WL 1875917, at *2 (N.D. Tex. Apr. 10, 2014), *report and recommendation adopted*, No. 3:12-CV-94-L, 2014 WL 1882002 (N.D. Tex. May 2, 2014) (granting motion to dissolve writ of garnishment where only explanation for eighteen-day delay in serving debtor was that lead attorney left firm after service on garnishee because nothing explained why two other attorneys listed as counsel of record for creditor could not have served debtor). But *Arriaga* is merely an example of the exercise of discretion by a trial court. The court in *Arriaga*, after considering the law and the arguments of the parties, concluded service was not as soon as practicable under the circumstances of that case. *Id.* In this case, Pennington explained to the trial court that he is a solo practitioner and no other attorney was listed as counsel of record. Like the court in *Arriaga*, the trial court exercised its discretion and determined that under the circumstances of this case service on the debtor was soon as practicable under Rule 663a. We cannot conclude on this record that the court abused its discretion.

Hagan has not shown that the trial court abused its discretion by determining that service of the writ on him under the circumstances of this case was as soon as practicable. We overrule Hagan's first issue.

## B. Legend on Defendant's Copy of Writ

In his second issue, Hagan argues he was never served with a copy of the writ containing the notice required by Rule 663a. The rule requires the following legend to be prominently displayed on the face of the copy of the writ served on the defendant:

> "To _____, Defendant:
>
> You are hereby notified that certain properties alleged to be owned by you have been garnished. If you claim any rights in such property, you are advised:
>
> "YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT."

TEX. R. CIV. P. 663a. Pennington points out that Hagan never raised this complaint in the trial court and it is not preserved for appeal. *See* TEX. R. APP. P. 33.1(a).

Hagan argues the garnishor must strictly comply with Rule 663a's notice requirement in order to protect the debtor's right to due process. *See Barrow v. Wells Fargo Bank, N.A.*, 587 S.W.3d 137, 138–39 (Tex. App.—Fort Worth 2019, no pet.); *Zeecon Wireless Internet, LLC v. Am. Bank of Tex., N.A.*, 305 S.W.3d 813, 819 (Tex. App.—Austin 2010, no pet.). He contends that failure to serve the debtor deprives

the court of jurisdiction over his property. *See Barrow*, 587 S.W.3d at 140–41; *Zeecon*, 305 S.W.3d at 819; *Lease Finance*, 301 S.W.3d at 125.

However, Hagan's jurisdictional argument does not apply to this case. Hagan was served with the documents required by Rule 663a. His complaint is that the copy of the writ served on him did not include the legend required by Rule 663a. But he has not shown that this defect in the form of the copy of the writ deprived the trial court of jurisdiction. The requirements of Rule 663a are mandatory. But "just because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional." *Tex. Mut. Ins. Co. v. Chicas*, 593 S.W.3d 284, 286 (Tex. 2019) (quoting *City of DeSoto v. White*, 288 S.W.3d 389, 395 (Tex. 2009)); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (noting "the modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction"). Moreover, because Pennington properly served the garnishees, "the trial court could properly exercise custody and control over the funds held by the garnishees belonging to" Hagan. *Jacobs*, 448 S.W.3d at 635.

Hagan, himself an attorney, filed a voluntary appearance and motion contesting the writ on December 24, 2019, the same day Pennington served him with the writ and other documents. Hagan participated in the hearing on the motion in February 2020. Thus, there is no indication in the record that Hagan's rights were prejudiced by the absence of the legend on the copy of the writ he received.

Further, technical defects and irregularities in garnishment proceedings can be waived by the failure of the debtor to raise them in the trial court. *See Cloughly v. NBC Bank-Seguin, N.A.*, 773 S.W.2d 652, 658 (Tex. App.—San Antonio 1989, writ denied) (holding failure to docket garnishment in separate cause number was irregularity in procedure but did not affect validity of judgment); *Long v. Cosden Petroleum Corp.*, 407 S.W.2d 1, 2–3 (Tex. Civ. App.—Texarkana 1966, no writ) (debtor who filed general pleading waived technical defect in writ of garnishment); *Barton v. Montex Corp.*, 295 S.W. 950, 951 (Tex. Civ. App.—Austin 1927, no writ) (recognizing failure to follow statutory requirement that is mere irregularity that may be waived is not sufficient to render judgment void). While a voluntary appearance by the debtor does not waive the necessity for the writ of garnishment itself, the debtor's appearance waives irregularities in the writ of garnishment. *Walnut Equip. Leasing Co. v. J-V Dirt & Loam*, 907 S.W.2d 912, 915 (Tex. App.—Austin 1995, writ denied) ("When the judgment debtor voluntarily answers and appears in a garnishment suit, the debtor waives only irregularities in the writ of garnishment and not the necessity for the writ itself.").

The failure of the copy of the writ served on Hagan to include the legend was a defect in the form of the copy of the writ served on the debtor. There is no complaint that the writ of garnishment itself was defective. This formal defect in the copy of the writ was a mere irregularity that could be and was waived by Hagan's failure to raise the complaint in the trial court.

We conclude Hagan failed to preserve his complaint that the copy of the writ served on him did not include the Rule 663a legend. We overrule Hagan's second issue.

## C. Method of Service

In his third issue, Hagan argues preprinted language on the form for the officer's return required the notice to be served on him by a sheriff or constable. On the back of the Post-Writ of Garnishment Notice prepared by the clerk, is a preprinted form for an officer's return that contains the statement, "This is a Court requirement and MUST be complied with or the return will not be accepted." Based solely on this language, Hagan contends Pennington was required to have a sheriff or constable serve the notice rather than serve it pursuant to Rule 21a.

Rule 663a requires service on the debtor "in any manner prescribed for service of citation or as provided in Rule 21a . . ." TEX. R. CIV. P. 663a. Pennington served Hagan through the electronic filing manager "as provided in Rule 21a" as permitted by Rule 663a. While Hagan contends a court has inherent powers to aid in the exercise of its jurisdiction and in the administration of justice, citing *Dallas Cty. Constable Precinct 5 v. KingVision Pay-Per-View, Ltd.*, 219 S.W.3d 602, 610 (Tex. App.—Dallas 2007, no pet.) (discussing court's inherent power to sanction parties or attorneys), he cites no direct authority that an unsigned preprinted form can operate as an order of the court suspending the applicable rules of civil procedure.

–12–

Further, Hagan failed to preserve this complaint by raising it in the trial court. TEX. R. APP. P. 33.1(a). We overrule Hagan's third issue.

## Conclusion

For the foregoing reasons, we conclude the trial court did not abuse its discretion by denying the motion to dissolve the writ of garnishment. We affirm the trial court's judgment.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

200269f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN P. HAGAN, Appellant

No. 05-20-00269-CV     V.

JAMES E. PENNINGTON, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas
Trial Court Cause No. 005-03950-2019.
Opinion delivered by Justice Nowell. Justices Osborne and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JAMES E. PENNINGTON recover his costs of this appeal from appellant JOHN P. HAGAN.

Judgment entered this 23rd day of August, 2021.