ALEXANDER, DUBOSE, JEFFERSON & TOWNSEND LLP, Appellant

v.

CHEVRON PHILLIPS CHEMICAL COMPANY, L.P. and Kingwood Crossroads, L.P., Appellees

NO. 09-14-00313-CV

Court of Appeals of Texas, Beaumont.

Submitted on June 11, 2015

Opinion Delivered September 29, 2016

Douglas W. Alexander, Alexander Dubose Jefferson and Townsend LLP, Austin, for Appellant.

Charles S. Kelly, Jessica Crutcher, Mayer Brown, LLP, Jeffery T. Nobles, Scott D. Marrs, Scott R. Davis, Nicholas D. Stepp, Houston, Brian D. Netter, Mayer Brown, LLP, Washington D.C, for Appellee.

Before Kreger, Horton and Johnson, JJ.

## OPINION

CHARLES KREGER, Justice

Alexander, Dubose, Jefferson & Townsend LLP ("Alexander Dubose") appeals the trial court's June 9, 2014 order and judgment. We dismiss the appeal for want of jurisdiction.

### I. Factual and Procedural Background

This appeal arises from a lawsuit filed by Kingwood CrossRoads, L.P. ("Kingwood") against Chevron Phillips Chemical Company, LP ("CP Chem") regarding a failed transaction involving the sale of real property. *See Chevron Phillips Chem. Co. v. Kingwood Crossroads, L.P.*, 346 S.W.3d 37, 42 (Tex.App.–Houston [14th Dist.]

2011, pet. denied). The underlying lawsuit is complex, consisting of numerous claims and counterclaims. *Id.* Accordingly, we set out only the facts and procedural aspects of the case necessary to address the complaints in this appeal.

After a jury verdict, the trial court rendered judgment in favor of Kingwood, awarding Kingwood substantial monetary awards and ordering specific performance of the contract. *Id.* at 48–49. The trial court also granted Kingwood's pretrial motion for sanctions against Exxon Land Development, Inc. ("Exxon Land") based on a discovery dispute. *Id.* at 49. The trial court assessed $637,612.50 in sanctions against Exxon Land and awarded Kingwood additional attorneys' fees if it prevailed on appeal of the sanctions. *Id.* Exxon Land appealed the sanctions judgment, and its appeal was transferred to the Fourteenth Court of Appeals. *Id.* at 42 n. 1; *see also* Tex. R. App. P. 41.3. Relevant to the issues on appeal before this Court, the Fourteenth Court of Appeals affirmed the trial court's imposition of sanctions against Exxon Land. *See Chevron Phillips*, 346 S.W.3d at 74–78. Exxon Land filed a petition for review with the Texas Supreme Court, which was denied on February 15, 2013, and a petition for rehearing of the denial, which was denied on April 5, 2013. *See Kingwood Crossroads, L.P. v. Chevron Phillips Chem. Co.*, No. 11–0780, 2013 Tex. LEXIS 109 (Tex. Feb. 15, 2013); *Kingwood Crossroads, L.P. v. Chevron Phillips Chem. Co.*, No. 11–0780, 2013 Tex. LEXIS 278 (Tex. Apr. 5, 2013). After all appeals had been exhausted, Kingwood's sanctions judgment against Exxon Land amounted to $988,854.64, including post-judgment interest. Having exhausted its appeals, Exxon Land remitted its judgment debt in full in May of 2013 to Mayer Brown, LLP, the law firm that represented Kingwood during the trial of the underlying lawsuit.

Mayer Brown then deposited the funds in its IOLTA account.

In the final judgment of the underlying lawsuit, CP Chem was awarded attorney's fees from Kingwood. *Chevron Phillips*, 346 S.W.3d at 49. The Fourteenth Court of Appeals affirmed the trial court's award of attorney's fees to CP Chem. *Id.* at 71–72, 78. CP Chem sought satisfaction of the judgment debt from Kingwood. After Kingwood failed to satisfy its judgment debt to CP Chem, CP Chem filed a turnover application on June 13, 2013. The turnover application was set for submission on July 22, 2013. After various delays, the trial court denied CP Chem's request for a receivership and set the turnover application for hearing on August 29, 2013. However, on August 21, 2013, Alexander Dubose, the law firm that represented Kingwood in the appeal of the underlying lawsuit, sought to intervene in the post-judgment proceedings and claimed a superior right over CP Chem to the funds from Exxon Land's sanctions judgment. In its plea in intervention, Alexander Dubose sought a declaration from the trial court that it owned fifty percent of the funds paid by Exxon Land in satisfaction of the sanctions judgment and that CP Chem had no right to turnover assistance as to Alexander Dubose's portion of the funds. Alexander Dubose argued in the alternative that CP Chem was not entitled to turnover relief as to the contested portion of the funds because Alexander Dubose had a contractual claim to those funds, which it claimed had priority over CP Chem's claim as the judgment creditor. CP Chem filed a motion to strike Alexander Dubose's plea in intervention and an answer in opposition to the relief sought in the plea. Following the filing of the plea in intervention, the hearing on CP Chem's turnover application was postponed to September 26, 2013.

After a joint hearing on CP Chem's application for a turnover order and Alexander Dubose's plea in intervention, the trial court orally denied CP Chem's motion to strike Alexander Dubose's plea in intervention, but also orally denied all relief requested by Alexander Dubose in its plea. During the hearing, the trial court also granted CP Chem's application for a turnover order and later reduced its oral ruling to a written turnover order on November 8, 2013. One of the provisions in the turnover order required Kingwood to deposit half of the funds from the sanctions judgment into the registry of the court. Alexander Dubose did not appeal from the turnover order.

On April 30, 2014, Alexander Dubose filed a motion to release the funds from the court's registry. In its motion, Alexander Dubose asked the trial court to revisit its rulings in the November 8, 2013 turnover order because, among other things, it claimed circumstances had changed that warranted a different result. On May 29, 2014, CP Chem filed a motion to enforce the trial court's turnover order and for release of funds from the court's registry to CP Chem. On June 9, 2014, the trial court signed the "ORDER AND FINAL JUDGMENT ON PENDING MATTERS[.]" Therein, the trial court denied Alexander Dubose's motion to release registry funds and granted CP Chem's motion to enforce the turnover order and for the release of funds in the court's registry to CP Chem. The trial court further directed that the registry funds and accrued interest be released to CP Chem upon the date the order and judgment becomes final and all appeals exhausted. Alexander Dubose filed notice of appeal from this order on July 9, 2014.

## II. Jurisdiction

We first address CP Chem's argument that this court is without jurisdiction to consider this appeal. CP Chem argues that we do not have subject matter jurisdiction over this appeal because Alexander Dubose did not timely file its appeal from the turnover order. Alexander Dubose responds that the turnover order was an interlocutory order, not a final appealable judgment. Alexander Dubose maintains that its appeal is timely because it filed its notice of appeal from the trial court's June 9, 2014 order, which it contends was the final appealable order in this case.

Whether a court has subject matter jurisdiction is a question of law we review de novo. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.2004). Generally, appeals may only be taken from final judgments. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record[.]" Id. However, a post-judgment turnover order is an appealable order when it operates "as a mandatory injunction against the judgment debtor and, if there are such parties, against the receiver and any third parties interested in the property rights being adjudicated." Schultz v. Fifth Jud. Dist. Court of Appeals at Dallas, 810 S.W.2d 738, 740 (Tex. 1991) (orig. proceeding), abrogated on other grounds by In re Sheshtawy, 154 S.W.3d 114, 124–25 (Tex.2004) (orig. proceeding); accord Burns v. Miller, Hiersche, Martens & Hayward, P.C., 909 S.W.2d 505, 506 (Tex.1995) (per curiam); Transcon. Realty Inv'rs, Inc. v. Orix Capital Mkts. LLC, 470 S.W.3d 844, 846 (Tex. App.–Dallas 2015, no pet.).

Section 31.002 of the Texas Practice and Remedies Code contains the turnover statute. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West 2015). It provides that a judgment creditor is entitled to aid from the court to reach a judgment

debtor's non-exempt property that is otherwise difficult to attach or levy by ordinary legal process. *Id.* § 31.002(a). The judgment creditor must show that the judgment debtor owns the property at issue in the turnover application. *HSM Dev., Inc. v. Barclay Props., Ltd.*, 392 S.W.3d 749, 751 (Tex.App.–Dallas 2012, no pet.); *see also Cre8 Int'l, LLC v. Rice*, No. 05–14–00377–CV, 2015 WL 3492629, at *2 (Tex.App.–Dallas June 3, 2015, no pet.) (mem. op). The judgment debtor then has the burden to show that the property at issue is exempt from attachment, execution, or seizure. *See Europa Int'l, Ltd. v. Direct Access Trader Corp.*, 315 S.W.3d 654, 656 (Tex.App.–Dallas 2010, no pet.); *see also Rice*, 2015 WL 3492629, at *2. The determination of whether property meets the statutory requirements for turnover relief is within the trial court's discretion. *See Bay City Plastics, Inc. v. McEntire*, 106 S.W.3d 321, 324 (Tex.App.–Houston [1st Dist.] 2003, pet. denied).

█ A court's post-judgment power to enforce its judgment and to aid the judgment creditor in its efforts to collect on that judgment can last until the judgment debt is satisfied. *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 387 (Tex. App.–Austin 2010, pet. denied). Therefore, a trial court may render a number of turnover orders, all of which may be final and appealable if they function as mandatory injunctions. *Id.*

█ A turnover order must be challenged on direct appeal and is subject to the deadlines for perfecting an appeal. *Id.* at 386 (holding that turnover orders are subject to deadlines for perfecting appeals); *Davis v. West*, 317 S.W.3d 301, 309 (Tex.App.–Houston [1st Dist.] 2009, no pet.) (holding that turnover orders must be attacked on direct appeal). To invoke an appellate court's jurisdiction over an appealable order, a timely notice of appeal must be filed. *See* Tex. R. App. P. 25.1, 26.1. Generally, to confer jurisdiction on an appellate court, a notice of appeal must be filed within thirty days after the date a final order is signed. *See* Tex. R. App. P. 26.1. If a party's notice of appeal is not timely filed, then the court of appeals cannot exercise jurisdiction over the party's attempted appeal. *Bahar*, 330 S.W.3d at 386.

█ Because the trial court can render multiple post-judgment orders to enforce its judgment for an indefinite period of time, it is possible for the trial court to amend an otherwise final, appealable order after the deadline for appealing the first order has passed. *Id.* at 387. When the amended or new order includes substantive provisions of the original order, we will not allow the amended or new order to improperly resurrect the unappealed portions of the original order of which the appellate court lacks jurisdiction. *Id.*

█ Alexander Dubose contends that the provision of the turnover order concerning the funds placed in the court's registry is interlocutory because the order did not direct the disputed funds to be turned over directly to CP Chem, and the reference to an appeal in the order did not concern an appeal of the turnover order but rather, an appeal from the final judgment that the trial court would ultimately render in the case. According to Alexander Dubose, the turnover order is not final because it did not ultimately settle who owned the funds in the court's registry—Alexander Dubose or CP Chem. CP Chem contends that Alexander Dubose misinterprets the turnover order's provision concerning appeals, which, according to CP Chem, was included to require Kingwood and Alexander Dubose to file a timely appeal from the turnover order and not

cause further unnecessary delays in satisfying the underlying judgment.

If the finality of a trial court's judgment is questioned, the court of appeals resolves the dispute " 'by a determination of the intention of the [trial] court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties.' " *Cont'l Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 277 (Tex. 1996) (quoting 5 RAY W. MCDONALD, TEXAS CIVIL PRACTICE § 27:4[a], at 7 (John S. Covell, ed., 1992 ed.)); *see also Lehmann*, 39 S.W.3d at 205–06 (explaining that the appellate court may need to look at the record to determine whether a trial court intended an order to be final).

The plain language of the trial court's written turnover order required Kingwood to turn over to CP Chem the full amount of the sanctions judgment, not just half of the funds received from Exxon Land. The order specifically required Kingwood to tender by check to CP Chem one-half of the funds held by Mayer Brown in its IOLTA account as soon as practicable, but no later than ten days from the date of the order. Within the same time period, the order required Kingwood to turn over the remaining half of the funds held in the Mayer Brown IOLTA account. However, rather than requiring Kingwood to give those funds directly to CP Chem by check within the deadline specified above, the turnover order required Kingwood to initially deposit the other one-half of the funds into the registry of the court. The turnover order provided the funds would be held in the court's registry until the earliest of the following dates:

(a) The date upon which the funds are disbursed in accordance with a further order of this Court;

(b) If [Alexander Dubose] does not perfect an appeal to pursue its claim to these funds, within 10 days after its deadline for appeal has passed, at which time the funds will be tendered to [CP Chem] by way of check . . . ;

(c) If [Alexander Dubose]'s appeal is dismissed, within 10 days after the order of dismissal is final and unreviewable by the Texas Supreme Court, at which time the funds will be tendered to [CP Chem] by way of check . . .; or

(d) Within 10 days after a final order or judgment in [Alexander Dubose's] appeal is final and unreviewable by the Texas Supreme Court, at which time the funds will be disbursed in accordance with that order or judgment.

In construing the trial court's turnover order as a whole, we do not find it to be ambiguous. The turnover order required Kingwood to turn over to CP Chem certain items clearly identified as Kingwood's non-exempt property. The trial court included the disputed funds in the court's registry on its list of items the court found to be Kingwood's non-exempt property. From the trial court's order, we can discern that the trial court did not simply order the funds to be placed in the court's registry, but rather made the determination that Kingwood owned the funds held in the court's registry, not Alexander Dubose. *See Rice*, 2015 WL 3492629, at *3, *4 (concluding that the trial court did not abuse its discretion in determining the substantive property rights of the parties, including the third-party's claims to property, when the third-party voluntarily intervened in the turnover proceeding to assert an interest in property sought by the judgment creditor and in so doing, the third-party waived any complaint on appeal that the trial court ruled against it on the ownership issue); *see also McEntire*, 106 S.W.3d at 325 (acknowledging that the

turnover statute cannot ordinarily be used to adjudicate the ownership of property, but holding that the statute does not prohibit the trial court from determining what property was owned by the judgment debtor to facilitate the issuance of the turnover order).

Additionally, our review of the record confirms that the trial court intended the turnover order to be a final, appealable order. During the September 26, 2013 hearing, the trial court heard argument on CP Chem's application for a turnover order and on Alexander Dubose's plea in intervention. Regarding Alexander Dubose's plea in intervention, the trial court denied CP Chem's motion to strike the plea but then denied all relief requested by Alexander Dubose in the plea. In addressing both the application for a turnover order and the plea in intervention, the trial court ordered that the disputed funds be paid to CP Chem, but ordered the funds be held in the registry of the Court pending appeal. The trial court explained that it ordered the funds held in the court's registry so that the funds could earn interest while the parties sought appellate review of its order. It is clear from the trial court's statements that it did not order the funds into the registry of the court pending a final determination of the ownership of the funds therein deposited. *But c.f., Diana Rivera & Assocs., P.C. v. Calvillo*, 986 S.W.2d 795, 797–98 (Tex.App.–Corpus Christi 1999, pet. denied) (concluding that order directing attorney to deposit at least fifty percent of all fees recovered from contested referrals into court registry was not an order imposing temporary injunction because it did not finally adjudicate the rights of the parties but just protected the funds against depletion or loss pending final disposition); *Koehler v. Rivas*, No. 04–97–252–CV, 1997 WL 268971, at *1 (Tex.App.–San Antonio May 21, 1997, no writ) (per curiam) (not designated for publication) (holding that orders directing pay-

ment into the registry of the court pending a final determination of the merits of the controversy are interlocutory); *In re Brecheisen*, 665 S.W.2d 191, 192 (Tex.App.–Dallas 1984, writ ref'd n.r.e.) (per curiam) (holding that turnover order was not final when it required the trial court to continue to exercise control over what funds were to be deposited into court registry and required future determination as to what funds would ultimately be turned over to judgment creditor).

After hearing from the parties regarding his rulings, the trial judge stated, "I'm ordering what I've ordered. ... This is going to be a final order with respect to this Application for Turnover, but certainly I think the law would allow without prejudice to file a subsequent application for turnover and we can start the drill on that[.]" *See generally Bahar*, 330 S.W.3d at 387 (explaining that the trial court can render multiple turnover orders to enforce its judgment). The court then ordered the parties to prepare an order reflecting his rulings. Our review of the trial court's turnover order and the appellate record shows the trial court did finally adjudicate the disputed funds as Kingwood's non-exempt property and ordered the funds turned over to CP Chem. Therefore, the trial court's turnover order was a final, appealable order, which Alexander Dubose failed to appeal.

Approximately three months after the trial court orally denied the relief requested in Alexander Dubose's plea in intervention, Alexander Dubose filed an amended plea in intervention on January 31, 2014. Alexander Dubose's amended plea essentially asked the trial court to reconsider its findings in the turnover order that Kingwood owned the disputed funds and that the funds should be payable to CP Chem. On April 30, 2014, Alexander Dubose filed a motion to release the registry funds to it because, according to Alexander Dubose,

the circumstances on which the turnover order was based had changed. Specifically, Alexander Dubose reasoned that because of another ruling by the court in a separate matter, CP Chem was no longer a net-judgment creditor entitled to turnover relief, and also reasserted its prior argument that its claim to the disputed funds had priority over that of CP Chem. The trial court denied the relief requested by Alexander Dubose on June 9, 2014. It is from this order that Alexander Dubose now seeks to appeal. We decline to treat the trial court's denial of Alexander Dubose's second request for the same relief as an independently appealable order. *See London v. London*, 349 S.W.3d 672, 675 (Tex.App.–Houston [14th Dist.] 2011, no pet.) ("If a litigant could restart the deadline to appeal the denial of a turnover order by seeking the same relief against the same party in the same court for the same reasons and obtaining the same result, then the appellate filing deadline would be meaningless."). The trial court's June 9, 2014 order denied Alexander Dubose's amended plea in intervention and motion to release funds, and granted CP Chem's motion to enforce the turnover order and ordered release of the funds to CP Chem. The trial court's June 9, 2014 order effectively reaffirmed the substantive provisions of the trial court's turnover order. And, it cannot revive the appellate time table for the un-appealed turnover order. *See Bahar*, 330 S.W.3d at 387. Finally, the provision of the June 9, 2014 order that released the funds from the trial court's registry served as nothing more than a ministerial act, not resolving any substantive issues. *See Beeler v. Fuqua*, No. 09–07–358 CV, 2007 WL 2962799, at *1 (Tex.App.–Beaumont Oct. 11, 2007, pet. denied) (mem. op) (concluding that when an appellate court affirms a trial court's judgment, the trial court's order to pay the funds from the court's registry is nothing more than the trial court's minis-

terial duty to give effect to the appellate court's mandate); *Betzen v. Exxon Corp.*, 699 S.W.2d 352, 354 (Tex.App.–El Paso 1985, no writ) (concluding that a trial court's action in releasing funds from the court's registry to a judgment creditor is purely ministerial and not appealable when the trial court already determined ownership of the funds placed in the court's registry and the only function remaining was a function of accounting).

Alexander Dubose did not file a notice of appeal or any post-judgment motions seeking to modify the turnover order within thirty days after it was signed. *See* Tex. R. App. P. 26.1. Therefore, the deadline to file its notice of appeal was December 9, 2013. *See Id.* Alexander Dubose did not file its notice of appeal until July 9, 2014, and thus, failed to timely perfect an appeal from the turnover order. Therefore, we lack jurisdiction over the turnover order and dismiss Alexander Dubose's appeal. *See Fischer v. Ramsey*, No. 01–14–00743–CV, 2016 WL 93512, at *2–4 (Tex.App.–Houston [1st Dist.] Jan. 7, 2016, no. pet) (mem. op.) (dismissing appeal for failure to file timely notice of appeal from post-judgment order that forms the basis of the appellant's substantive issues on appeal); *London*, 349 S.W.3d at 675 (dismissing appeal for want of jurisdiction when appealed order was the second denial of the same request as an independently appealable order); *Bahar*, 330 S.W.3d at 392 (concluding no jurisdiction to consider portions of amended turnover order because the complained-of portions of the order were contained in an earlier unappealed turnover order); *see also* Tex. R. App. P. 42.3(a).

DISMISSED FOR WANT OF JURISDICTION.