

# NUMBER 13-21-00006-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE K.S.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Tijerina[1]**

Relator K.S., the mother of minor child Z.K.S., filed a petition for writ of mandamus in the above-referenced cause in which she alleges that the trial court "abused its discretion by failing in its ministerial duty to set aside the defective two-week alternating possession order that contravened the jury verdict, as ordered by the Thirteenth Court of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Appeals in its Memorandum Opinion and Mandate." *See In re Z.K.S.*, No. 13-19-00011-CV, 2020 WL 103864, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2020, no pet.) (mem. op.). We agree with K.S. and conditionally grant the petition for writ of mandamus.[2]

## I.    BACKGROUND

On January 9, 2020, in K.S.'s appeal arising from the underlying suit affecting the parent child relationship (SAPCR), this Court issued an opinion which reversed the trial court's order awarding B.A.S., the father of Z.K.S., "week on/week off" possession of Z.K.S. *See id.* We concluded that the trial court's order contravened the jury's finding that K.S. possessed the right to establish the child's primary residence "because it effectively establishe[d] two primary residences for Z.K.S., separated by 240 miles" and because it "contravene[d] the jury's finding of a geographic restriction within the State of Texas" insofar as it limited K.S.'s "ability to establish Z.K.S.'s primary residence to those areas where it would be practical, or at least possible, for a weekly exchange of Z.K.S. between the parties." *Id.* at *5. We further concluded that the trial court abused its discretion in rendering a possession order that was not in the best interest of Z.K.S. *Id.* at *5–7. We instructed the trial court as follows:

> We previously signaled our concerns when we exercised our authority under § 109.002 of the family code and suspended enforcement of the trial court's possession order pending appeal. *See* TEX. FAM. CODE ANN. § 109.002 (authorizing an appellate court to suspend a final order in a suit affecting the parent-child relationship "on a proper showing"). As noted above, the trial court then issued temporary orders pending appeal providing for alternating two-week possession periods. The trial court's temporary orders suffer from the same deficiencies as its original order. On remand, we instruct the trial court to issue a possession order which does

[2] This original proceeding arises from trial court cause number 2017-FAM-1729-D in the 105th District Court of Nueces County, Texas, and the respondent is the Honorable Jack W. Pulcher. *See id.* R. 52.2.

2

not contravene the jury's finding that mother should have the right to designate Z.K.S.'s primary residence within the State of Texas. For the period prior to Z.K.S.'s third birthday, which is February 20, 2020, the possession order must properly account for "the child's need for continuity of routine" and "the location and proximity of the residences of the parties," among other relevant factors. We assume that the trial court will comply with the family code's statutory directive to render a prospective possession order to take effect on Z.K.S.'s third birthday, which is presumptively the standard possession order provided in the family code for parents who reside over 100 miles apart. *See id.* § 153.313.

*Id.* at *7. We reversed and remanded for proceedings consistent with our opinion. *Id.* Our mandate issued on March 24, 2020.

On September 21, 2020, the trial court held a hearing on remand regarding the parties' possession and access to Z.K.S. Following the hearing, on December 10, 2020, the trial court issued the order subject to review in this original proceeding. Despite our memorandum opinion and mandate, the trial court's order awarded B.A.S. "2 Week-on/2 week-off possession" of minor child Z.K.S.

This original proceeding ensued. By one issue, K.S. asserts that the trial court failed to perform its ministerial duty to set aside the two-week alternating possession order that contravened the jury verdict as ordered by this Court in its memorandum opinion and mandate. K.S. requests that we order the trial court to set aside the alternating two-week possession order and impose the presumptive standard possession order. She further requests that we issue a show cause order to the trial court "to answer for his continuing refusal to comply" with our orders and that we recuse the trial court from hearing any other matters in this case.

3

This Court requested and received a response to the petition for writ of mandamus from B.A.S., who asserts that relator has not met her burden to obtain mandamus relief. The entirety of B.A.S.'s argument and conclusion in his response states as follows:

> [K.S.] contends that the Trial Court abused his discretion by failing to order a standard possession order beginning immediately. The Trial Court entered an order that complied with this Court's order in that it includes a standard possession order. However, in joint managing conservatorship, one parent is usually given slightly greater powers than the other parent, usually the right to designate the primary residence of the child. *Albrecht v. Albrecht*, 974 S.W.2d 262 [265] (Tex. App.—San Antonio, 1998[, no pet.]). "Slightly greater power, however, *does not necessarily require the court to give one parent more time with the child than the other parent*." *Id.* [at] 265. [Emphasis added.]
>
> The overriding dictate to the Trial Court is [that] in all things an order must be in the *best interest of the child*—not either parent. [TEX. FAM. CODE ANN. § 153.002, § 153.133(a)(6); § 153.254(a)(13); § 153.256(1),(2),(3)]. The Trial Court considered all the factors prescribed in the Family Code and did what was in the best interest of the child within the parameters of this Court's order. Relator chose to file for another writ of mandamus knowing that an **agreed** summer possession for *equal time for each parent* begins in June. Bringing this mandamus was worth it to her to take away 6 weeks of possession by Z.K.S.'s father. Such meanness. By doing so she forced [B.A.S.] to incur more attorney's fees and costs. [B.A.S.] only has today with his son and he wants to hang on to as much time as he possibly can before it is taken away. Please let him do that.
>
> **CONCLUSION**
>
> The Trial Court is in the best position to consider all the circumstances of the child and the parents. Then the Trial Court must enter an order that is in the best interest of the child given the requirements of the Family Code. The [respondent] did exactly that. He had a long history with this case and the parties. He considered the rights of both parties—not just [K.S.]. The Texas Supreme Court held in *Bukovich* that "The controlling considerations are those changes of conditions affecting the welfare of the child. The desires, acts and claims of the respective parents are secondary considerations and material only as they bear upon the question of the best interest of the child." *Bukovich v. Bukovich*, 399 S.W.2d 528, 529 (Tex. 1966).[3]

---

[3] We note that "ad hominem attacks on courts, opposing parties, or opposing counsel are

## II.   MANDAMUS

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding).

Because a temporary order in a SAPCR is not subject to appeal, mandamus is an appropriate remedy when a trial court abuses its discretion in issuing temporary orders in a SAPCR. *See, e.g.*, *In re Mays-Hooper*, 189 S.W.3d 777, 778 (Tex. 2006) (orig. proceeding) (per curiam); *In re H.R.L.*, 458 S.W.3d 23, 32 (Tex. App.—El Paso 2014, orig. proceeding); *In re Herring*, 221 S.W.3d 729, 730 (Tex. App.—San Antonio 2007,

---

ineffective and inappropriate, whether made by attorneys or pro se litigants." *Gleason v. Isbell*, 145 S.W.3d 354, 358 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (Frost, J., concurring and dissenting); *see* TEX. DISCIPLINARY RULES. PROF'L CONDUCT R. 3.04(c), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A; *Tex. Lawyers Creed—A Mandate for Professionalism*, available at https://txbf.org/about-us/texas-lawyers-creed (last viewed February 20, 2021); *Standards for Appellate Conduct*, available at https://www.txcourts.gov/media/1437423/standards-for-appellate-conduct.pdf; *see also Guerra v. ACE Am. Ins. Co.*, No. 13-17-00652-CV, 2019 WL 2381456, at *4 n.3 (Tex. App.—Corpus Christi–Edinburg June 6, 2019, no pet.) (mem. op.).

orig. proceeding); *In re Lewin*, 149 S.W.3d 727, 734 (Tex. App.—Austin 2004, orig. proceeding).

Similarly, mandamus relief is available to enforce an appellate court's mandate. *In re Castle Tex. Prod. Ltd. P'ship*, 563 S.W.3d 216, 219 (Tex. 2018) (orig. proceeding); *Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992) (orig. proceeding) (stating that either mandamus or prohibition is appropriate to ensure compliance with the mandate and opinion); *In re Elite Door & Trim, Inc.*, 362 S.W.3d 199, 201 (Tex. App.—Dallas 2012, orig. proceeding) (per curiam) (same).

### III. LAW AND ANALYSIS

A mandate is an appellate court's formal command requiring the lower court to comply with the appellate court's judgment. *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 699 (Tex. App.—Dallas 2019, no pet.); *Tex. Parks & Wildlife Dep't v. Dearing*, 240 S.W.3d 330, 347 (Tex. App.—Austin 2007, pet. denied); *In re Marriage of Grossnickle*, 115 S.W.3d 238, 243 (Tex. App.—Texarkana 2003, orig. proceeding); *see also* TEX. R. APP. P. 18, 51.1(b), 65.2. When an appellate court reverses a lower court's judgment and remands the case to the trial court, as we did here, the trial court is authorized to take all actions that are necessary to give full effect to the appellate court's judgment and mandate. *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013); *In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex. 2010) (per curiam); *Scott Pelley P.C.*, 578 S.W.3d at 699. However, the trial court "has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate." *Seger v. Yorkshire Ins. Co., Ltd.*, 503 S.W.3d

388, 408 (Tex. 2016) (quoting *Phillips*, 407 S.W.3d at 234); *see Scott Pelley P.C.*, 578 S.W.3d at 699. The appellate court's mandate and judgment do not limit the trial court's jurisdiction to preside over the case and enter a judgment on remand but instead limit the trial court's authority in exercising that jurisdiction. *Phillips*, 407 S.W.3d at 234. When a trial court exceeds its authority under a mandate, the resulting judgment is erroneous. *Phillips*, 407 S.W.3d at 234; *Scott Pelley P.C.*, 578 S.W.3d at 699–700.

The trial court has no discretion to review or interpret the appellate court's mandate but, instead, must carry out the mandate. *In re Elite Door & Trim, Inc.*, 362 S.W.3d at 200–01; *In re Richardson*, 327 S.W.3d 848, 850 (Tex. App.—Fort Worth 2010, orig. proceeding); *Oualline v. Burns*, 321 S.W.3d 719, 722 (Tex. App.—Eastland 2010, pet. denied); *see also City of Laredo v. United Indep. Sch. Dist.*, No. 13-19-00030-CV, 2020 WL 7258060, at *4 (Tex. App.—Corpus Christi–Edinburg Dec. 10, 2020, no pet. h.) (mem. op.). The scope of the mandate is determined with reference to both the appellate court's opinion and the mandate itself. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986); *Scott Pelley P.C.*, 578 S.W.3d at 699; *Dernick Res., Inc. v. Wilstein*, 471 S.W.3d 468, 477 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). The trial court's duty to enforce the appellate court's judgment is mandatory and ministerial. *In re Henry*, 388 S.W.3d 719, 726 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (combined appeal & orig. proceeding); *In re Richardson*, 327 S.W.3d at 850.

We examine this Court's mandate and opinion in our cause number 13-19-00011-CV. *See Hudson*, 711 S.W.2d at 630; *Scott Pelley P.C.*, 578 S.W.3d at 699; *Dernick Res., Inc.*, 471 S.W.3d at 477. Our mandate states, in relevant part, that the "Court orders the

judgment of the trial court REVERSED and REMANDED for further proceedings consistent with its opinion." The mandate also states that we "further order this decision certified below for observance." And finally, the mandate concludes by stating, "WHEREFORE, WE COMMAND YOU to observe the order of our said Court of Appeals for the Thirteenth District of Texas, in this behalf, and in all things have it duly recognized, obeyed[,] and executed."

Our opinion in this cause stated explicitly that the trial court's "week-on/week-off" possession order contravened the jury's finding regarding the mother's right to establish the child's primary residence, contravened the jury's finding of a geographic restriction within the State of Texas, and was not in the best interest of Z.K.S. *See In re Z.K.S.*, 2020 WL 103864, at *5. We did not withdraw our mandate, and the judgment underlying it has not been reversed or vacated by a higher court. Our command to the trial court to conduct further proceedings in accordance with our opinion thus remained—and remains—effective unless and until we instruct it otherwise. The trial court had no authority to take any action that was inconsistent with or beyond the scope of that which was necessary to give full effect to our judgment and mandate. *See Seger*, 503 S.W.3d at 408; *Phillips*, 407 S.W.3d at 234; *Scott Pelley P.C.*, 578 S.W.3d at 699. Thus, we reject B.A.S.'s contentions that the trial court retained discretion to hold otherwise. *See Denton County v. Tarrant County*, 139 S.W.3d 22, 23 (Tex. App.—Fort Worth 2004, pet. denied) ("When an appellate court remands a case with specific instructions, the trial court is limited to complying with the instructions and cannot relitigate issues controverted at the former trial.").

Because the trial court failed to comply with our judgment and mandate, we conclude that it failed to comply with its ministerial and mandatory duty. *See In re Henry*, 388 S.W.3d at 726; *In re Richardson*, 327 S.W.3d at 850. We sustain K.S.'s sole issue.

K.S. has further requested this Court to (1) issue a show cause order requiring the respondent to address his failure to follow our directions and (2) issue an order preventing the respondent from further presiding over the underlying proceedings. We appreciate and share K.S.'s frustration that the respondent has now failed to follow our direction on two separate occasions. K.S. has had to continue expending time, effort, and money to obtain the relief that we previously awarded her. Nevertheless, on this record and at this time, and after careful consideration, we do not believe such actions are warranted. Accordingly, we deny these requests without prejudice. If the respondent again fails to promptly comply with our directions, we will reevaluate these requests at that time.

## IV.     CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that K.S. has met her burden to obtain mandamus relief. Accordingly, we conditionally grant the petition for writ of mandamus. We direct the respondent to promptly vacate his December 10, 2020 order, review our opinion, judgment, and mandate issued in cause number 13-19-00011-CV, and to enter an order in accordance with our judgment and mandate. We will issue the writ only if the respondent fails to comply.

JAIME TIJERINA
Justice

Delivered and filed on the
4th day of March, 2021.

9