

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00582-CV

**IN THE MATTER OF THE MARRIAGE OF** Marissa Vivares **BONNET** and James T. Bonnet and in the Interest of T.J.B., A Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CI19887
Honorable Antonia Arteaga, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:         Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: June 12, 2024

DISMISSED IN PART; AFFIRMED IN PART

Appellant James T. Bonnet appeals the trial court's August 17, 2022 "Order Granting Joint Motion to Enforce and Order Modifying and Supplementing Order Appointing Receiver." Bonnet argues the trial court erred by ordering him to turnover his property. We affirm.

### BACKGROUND

Marissa Vivares Bonnet and James T. Bonnet were married in 1999. After seventeen years of marriage, Vivares Bonnet petitioned for divorce in 2016; Bonnet counter-petitioned for divorce shortly thereafter. The trial court entered a divorce decree in January 2019.

Later that year, Vivares Bonnet filed a "Motion for Contempt and Application for Turnover," explaining Bonnet failed to comply with the requirements in the divorce decree including, among other things, paying $9,500 in attorney's fees. In her motion, Vivares Bonnet sought relief under Section 31.002 of the Texas Civil Practice and Remedies Code, requesting the appointment of a receiver and an order requiring Bonnet to turn over all non-exempt property to satisfy his obligations under the divorce decree. *See* TEX. CIV. PRAC. & REM. CODE § 31.002. The trial court issued an order in December 2019, appointing a receiver for the turnover of Bonnet's firearms (except two) and authorizing the receiver to sell the firearms to satisfy Bonnet's financial obligations in the divorce decree. The order further required Bonnet to pay the attorney's fees for the turnover application and the receiver's fee. Bonnet did not comply with the turnover order.

In July 2022, Vivares Bonnet and her attorney filed a "Joint Motion to Enforce and Compel and Motion to Modify and Supplement Order Appointing Receiver," seeking to enforce the turnover order, grant the receiver additional powers to satisfy the judgment including the turnover of all non-exempt personal and real property, and increase the receiver's fee to 25% of the proceeds of any sale of non-exempt property. After an August 17, 2022 hearing, the trial court entered an order granting the July 2022 motion.

Bonnet then filed this appeal.

### TURNOVER ORDER

Bonnet argues the trial court erred when it issued the turnover order because (1) he uses his firearms for his business; (2) the trial court committed malfeasance and colluded against him; and (3) the order violates his Second and Fourth Amendment rights of the U.S. Constitution.

### A. Standard of Review & Law

"We review a turnover order for an abuse of discretion." *Robison v. Watson*, No. 04-20-00138-CV, 2021 WL 2117936, at *5 (Tex. App.—San Antonio May 26, 2021, no pet.) (mem. op.). Section 31.002 of the Texas Civil Practice & Remedies Code provides judgment creditors are "entitled to aid from a court of appropriate jurisdiction, . . . through injunction or other means . . . to reach property to [satisfy] the judgment if the judgment debtor owns property . . . that is not exempt from attachment, execution, or seizure [to satisfy] liabilities." TEX. CIV. PRAC. & REM. CODE § 31.002(a). A turnover order "may":

> (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;
>
> (2) otherwise apply the property to the satisfaction of the judgment; or
>
> (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

*Id.* § 31.002(b).

### B. Analysis

Turning to Bonnet's first contention he uses his firearms for his business and therefore, they are exempt from seizure, personal property identified in Texas Property Code Section 42.002—with "an aggregate fair market value of not more than $50,000" if owned by a single adult—"is exempt from garnishment, attachment, execution, or other seizure." TEX. PROP. CODE § 42.001(a).[1] Section 42.002 identifies "tools[] [and] equipment . . . used in a trade or profession" as exempt. *Id.* § 42.002(a)(4).

---

[1] *See Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 704 (Tex. 2021) ("This Court has often held that a party sufficiently preserves an issue for review by arguing the issue's substance, even if the party does not call the issue by name.'" (quoting *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020))).

However, Bonnet raises this issue for the first time by challenging the trial court's August 2022 turnover order enforcing the initial turnover order—the December 2019 turnover order. Here, the trial court's initial turnover order already required Bonnet to turnover all of his firearms, except two exempt from the turnover order. *See* TEX. CIV. PRAC. & REM. CODE § 31.002(a); TEX. PROP. CODE § 42.001(a)(7). The August 2022 turnover order duplicated that turnover requirement. But Bonnet did not appeal the December 2019 turnover order, which was a final, appealable order. *See Robison*, 2021 WL 2117936, at *2 ("Thus, a trial court may render multiple turnover orders, each of which could be a final, appealable judgment."). And permitting him to challenge the portion of the August 2022 turnover order requiring him to turnover his firearms when he did not appeal the December 2019 turnover order requiring him to do the same "would serve to improperly resurrect [an] unappealed" portion of the December 2019 turnover order.[2] *See Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 387 (Tex. App.—Austin 2010, pet. denied) ("[W]e conclude that because the 2008 order was not appealed, an assertion of jurisdiction by this Court over the entire 2009 order—which includes, verbatim, the 2008 order's substantive provisions—would serve to improperly resurrect the unappealed, 'finally final' portions of the 2008 order."); *see, e.g.*, *Abira Med. Lab'ys, LLC v. St. Jude Med. SC, Inc.*, No. 14-17-00849-CV, 2018 WL 3911084, at *2 (Tex. App.—Houston [14th Dist.] Aug. 16, 2018, no pet.) (mem. op.) (same, citing *Bahar*); *Alexander, Dubose, Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 503 S.W.3d 1, 5 (Tex. App.—Beaumont 2016) (same, citing *Bahar*), *rev'd on other grounds*, 540 S.W.3d 577 (Tex. 2018); *see also Robison*, 2021 WL 2117936, at *4 ("Because Robison and Gov Whiz did not file

---

[2] Bonnet also raises a series of arguments attacking the underlying divorce decree. However, the record shows Bonnet's divorce decree became final after he elected not to appeal it, and it is not subject to collateral attack. *See, e.g.*, *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009) ("Attempting to obtain an order that alters or modifies a divorce decree's property division is an impermissible collateral attack."); *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) ("Absent an appeal, the judgment became final, and Edwin may not now collaterally attack the court's division of property in the decree.").

a timely notice of appeal challenging the second turnover order, they did not invoke our appellate jurisdiction over this order. As a result, the part of this appeal challenging the second turnover order must be dismissed for lack of jurisdiction."). We therefore dismiss for lack of jurisdiction the portion of Bonnet's appeal challenging the portion of the August 2022 turnover order that replicates the December 2019 turnover order.[3] *See Abira*, 2018 WL 3911084, at \*2; *Bahar*, 330 S.W.3d at 387.

Turning to Bonnet's second contention the trial court erred when it issued the turnover order, he argues the trial court committed malfeasance and colluded when the court "lied to [him]" during the hearing and "told [him] [the court] . . . was not able to sign the [turnover] Order today,' that [it] would schedule a Compliance Hearing for a later date." The record demonstrates no such exchange ever took place. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). The trial court indicated during the hearing it intended to issue an order granting the motion, explaining it would "[h]onor" the previous judge's turnover order and grant the July 2022 motion. Then, the trial court explained if the movants wanted to file a motion to enforce the turnover order for Bonnet's failure to comply, they could do so, but it was not "ordering a compliance hearing." In other words, the trial court indicated it would sign the order granting the motion, but it would not commit to overseeing any enforcement of the order, if needed, through a compliance hearing. Even if the exchange had taken place, Bonnet fails to show how the trial court's signing of an order constitutes malfeasance or collusion or how either malfeasance or collusion would constitute

---

[3] Because we do not have jurisdiction to consider Bonnet's challenge to turning over his firearms, we do not consider his Second Amendment challenge to the July 2022 turnover order. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

reversible error.[4] *See id.*; TEX. R. APP. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals.").

Bonnet also argues, for the first time on appeal, the trial court's order violates his Fourth Amendment right against "unreasonable searches and seizures." However, Bonnet did not assert this complaint before the trial court, and he has therefore failed to preserve this argument for appellate review. *See* TEX. R. APP. P. 33.1.[5]

Accordingly, we cannot conclude the trial court abused its discretion in rendering the August 2022 turnover order.

## CONCLUSION

We affirm the trial court's August 17, 2022 order.

Luz Elena D. Chapa, Justice

---

[4] Bonnet further argues the trial court's order was erroneous because (1) "[a]ll property listed on the Order" was his "personally[-]owned land and assets," and the trial court had no "RIGHT to give [the] property away to a Receiver." However, a trial court may, in its sound discretion, order a party to turnover all non-exempt assets in compliance with Section 31.002 of the Texas Civil Practice & Remedies Code, and Bonnet does not identify any other basis in law or fact demonstrating the trial court erred. *See* TEX. CIV. PRAC. & REM. CODE § 31.002; TEX. R. APP. P. 38.1(i).

[5] We decline to consider Bonnet's contention the hearing was "beyond the statute of limitations" for the same reason. *See id.* R. 33.1.